Gulf, Colorado & Santa Fe Railway Company v. Thomas S. Mitchell et al.

Decided June 14, 1899.

**1. Practice on Appeal—Brief Filed After Time.**

A writ of error will not be dismissed for failure of plaintiff in error to file brief within the time prescribed, where such brief has been filed and fully answered by the opposing party, and no delay has resulted.

**2. Writ of Error—Parties—Assignees of Part of Claim.**

Plaintiff having transferred one-half of his cause of action to his attorneys, and the judgment directing payment of same to them, they were properly made defendants in error to a writ sued out by defendant.

**3. Statement of Facts—Stenographer's Notes.**

A statement of facts may properly contain questions and answers from the stenographer's notes, where necessary to an understanding of the testimony; and will not be struck out as too voluminous where it appears that appellant had prepared a shorter statement which was disapproved by opposite counsel.

**4. Impeaching One's Own Witness.**

While a party can not ordinarily discredit his own witness, he may prove facts inconsistent with those stated by such witness, even though this discredit the witness materially,—the rule in civil cases being substantially that authorized in criminal by the Code of Criminal Procedure, article 795.

**5. Same.**

A material witness for defendant having stated that he was to receive $900 per day for attending and testifying, defendant should have been permitted to show that it had agreed to pay only the witness' expenses and the reasonable value of his time, though the witness had not been asked to explain his statement.

Error to McLennan. Tried below before Hon. Sam R. Scott.

*Sanford & Lee, J. W. Terry,* and *Chas. K. Lee,* for plaintiff in error.

*T. A. Blair* and *D. A. Kelley,* for defendants in error.

Key, Associate Justice.—This is a damage suit for personal injuries. Mitchell was the plaintiff and recovered a judgment for $1500. Several motions have been submitted in connection with the submission of the main case, and these will be first considered.

The first motion is to dismiss the writ of error, because the brief of the plaintiff in error was not filed in the court below five days before the transcript was filed in this court, as required by the rules. The brief was not filed within the time prescribed, but as the defendants in error have filed a brief in this court answering all the assignments of error, and the failure of the railway company to file its brief in the court below within the proper time has not resulted in delaying the submission of the case, the motion to dismiss will be overruled.

The plaintiff transferred one-half of his cause of action to his attorneys, T. A. Blair and D. A. Kelley; and after the judgment was rendered the court made an order approving said transfer, and directing that $750 of the judgment recovered by the plaintiff be paid to Blair and Kelley. In suing out the writ of error, the railway company made Blair and Kelley parties defendant, and they objected to this and filed a motion to dismiss the writ of error as against them. We think they occupy substantially the position of parties to the suit, and were properly made defendants in the writ of error; and their motion to dismiss will be overruled.

The third motion is to strike out the statement of facts upon the ground that it is a copy of the stenographer's notes and unnecessarily voluminous. The first charge does not appear to be sustained. As a general thing, the testimony of the witnesses is stated in narrative form, though in some instances questions and answers are inserted, but in these instances this appears to have been necessary to a proper understanding of the testi-

mony. The statement of facts could properly have been curtailed; and it is shown by the verified response to the motion to strike out, that counsel for the railway company tendered to counsel for the other side a much shorter statement of facts, to which the latter refused to agree. Under these circumstances, we do not think the motion to strike out should prevail, and it will be overruled.

We have duly considered the questions upon which a reversal is sought, and find but one just ground of complaint. The plaintiff's case rested upon the theory that, while crossing the railroad track at a street in the town of Temple, he was run upon and injured by a moving train, the employes in charge of which were guilty of negligence in failing to give the required signals.

The theory of the defense was that the plaintiff attempted to board a moving train for the purpose of stealing a ride, and fell from the same in such position that a car wheel ran over his foot and caused the injury complained of.

Luke Hart, a witness for the railway company, testified that he was near by at the time of the accident; saw the plaintiff attempt to get on the train and fall therefrom. On cross-examination this witness used this language: "I came over to Waco because I wanted to come. I was not subpoenaed. They pay me about $900 a day to come over here and testify, and I was to have that $900 a day for 365 days. Why, I'll tell you, there ain't no use going over all that kind of business. I don't think I would sell myself."

After this witness left the stand, counsel for the railway company offered to prove by J. W. Evans, the company's claim agent, in substance, that the company had agreed with the witness Hart that if he would attend the trial as a witness the company would pay his expenses and the reasonable value of his time, not to exceed what he could have made in his usual business.

This testimony was objected to as immaterial, and the court sustained the objection. In granting the bill of exception, the judge made the explanation that the company failed to ask Luke Hart what he meant by stating that he was getting $900 per day for 365 days in the year for testifying in the case; but we do not see how this explanation justifies the exclusion of the testimony. Hart was a material witness for the company; and if he was to receive from the company more than his expenses and reasonable compensation for loss of time in attending court, the jury might well believe that he was a bought witness and unworthy of credit. Therefore, his statement that he was to receive $900 a day, while too extravagant for entire credence, may have impressed the jury with the idea that he was to receive more than an honest witness, desiring to tell the truth, should receive; and not only tended to break down his credibility as a witness, but also to place the railway company before the jury in the attitude of attempting, by an improper use of money, to defeat the plaintiff's case by false testimony. Hence it was very important to the company to show, if it could, that Hart was not to be paid more than his ex-

penses and a reasonable compensation for his time; thereby bolstering him as a witness and relieving itself from the suspicion of using unfair and dishonest means to defeat the plaintiff's suit.

The excluded evidence of the witness Evans was not offered for the purpose of explaining what Hart meant by his statement that he was getting $900 per day as a witness, as the trial court seems to have regarded it; but for the purpose of showing that such was not the fact. And this it had the right to do, by the testimony of Evans or any other witness cognizant of the fact. Evans' testimony was not objected to on the ground that the company was attempting to impeach its own witness, nor was it subject to that objection. On this subject, a standard text book states the rule in these words: "In this country, while a party can not ordinarily discredit his own witness, his right to prove facts inconsistent with those stated by such witness is unquestioned, even though this discredit the witness materially." 1 Whart. on Ev., sec. 549. In criminal cases this is expressly authorized by statute. Code Crim. Proc., art. 795. And though this statute does not, in terms, apply to civil procedure, the rule should be the same in both civil and criminal cases, unless cogent reasons for a distinction can be given. We know of no such reasons; but on the contrary, we believe that the common law is in harmony with the statute. The testimony referred to was admissible, and as it was of vital importance to the company, the ruling of the court excluding it was reversible error.

On the other questions presented in the briefs, we rule against the railway company.

<em>Reversed and remanded.</em>