### ST. LOUIS SOUTHWESTERN RY. CO. OF· TEXAS v. WACO COTTON PICKERY.

(Court of Civil Appeals of Texas.    Austin. March 13, 1912.    Rehearing Denied April 17, 1912.)

1. RAILROADS (§ 480*)—LOSS OF PROPERTY BY FIRE—BURDEN OF PROOF.

One suing a railroad company for loss of property by fire set by an engine, by showing that the fire escaped from the company's engines, casts the burden on the company to show that it was not negligent.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1709–1716; Dec. Dig. § 480.*]

2. TRIAL (§ 253*) — INSTRUCTIONS — WITHDRAWAL OF ISSUES.

Where, in an action against a railroad company for loss of property by fire set by an engine, there was evidence of plaintiff's contributory negligence, and the court properly charged on the issue of contributory negligence, a charge that plaintiff, in the use of his property near the track, could presume that the railroad company would use ordinary care to equip, maintain, and operate its engines to prevent the escape of sparks therefrom was not objectionable as withdrawing from the jury the issue of contributory negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

3. WITNESSES (§ 248*)—RESPONSIVENESS OF ANSWER.

Where, in an action against a railroad company for loss of property by fire, an agent of the company testified, on cross-examination, · that some one telephoned him at the office about the fire, a statement, "I was concerned in it, because I was the representative of the company, and they claimed our company set the place on fire," made in response to an-

other question on cross-examination, "How were you concerned in the fire?" was responsive; and, in the absence of objections to the question, it was properly received in evidence.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 861–863; Dec. Dig. § 248.*]

4. WITNESSES (§ 380*)—RIGHT OF PARTY TO IMPEACH OWN WITNESS.

Where a witness for a party stated on direct examination that he did not remember a fact, and the party was not misled as to what the witness would testify to, nor surprised thereby, the court properly excluded a deposition of the witness taken in a different proceeding; the mere failure of a witness to testify as expected not authorizing his impeachment by the party calling him.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1210–1219; Dec. Dig. § 380.*]

Error from District Court, McLennan County; Marshall Surratt, Judge.

Action by Waco Cotton Pickery against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

E. B. Perkins and D. Upthegrove, both of Dallas, and Scott & Ross, of Waco, for plaintiff in error. Sleeper, Boynton & Kendall, of Waco, for defendant in error.

RICE, J. Defendant in error brought this action against plaintiff in error to recover damages, alleged to have been sustained by the destruction of 24 bales of cotton, less salvage and certain freight charges thereon, amounting to the net sum of $664.40, with interest, occasioned by fire, alleged to have been set thereto from plaintiff in error's engine, on account of its negligence in failing to properly equip, maintain, and operate the same in passing its yards where said cotton was stored, whereby fire and sparks escaped therefrom. Plaintiff in error replied by general and special exceptions, general denial, and a specific denial of the acts of negligence so charged by defendant in error, and in addition affirmatively pleaded that its engines were properly equipped with the most approved sparks arresters in general use; that the same were kept in good repair and its engines properly operated; that plaintiff's loss, if any, was attributable to its own negligence in leaving its cotton, which was highly inflammable, exposed and too near plaintiff in error's roadway, knowing that its engines, when most skillfully operated, necessarily emitted some sparks; and, further, that it was guilty of negligence in failing to safeguard said cotton by watchmen, and in allowing the accumulation of loose lint cotton and other refuse in its yards. There was a jury trial, resulting in a verdict and judgment in behalf of defendant in error, from which this appeal is prosecuted.

[1] The first assignment of error complains of the refusal of the court to give plaintiff in error's special charge, to the effect that plaintiff was bound to prove its case, with reference to all the acts of negligence there-

in charged, by a preponderance of the evidence, before it was entitled to recover. This charge should not have been given, for the reason, if no other, that the proposition therein asserted is not true in this class of cases. A prima facie case on the part of plaintiff in such cases is made by showing that the fire which destroyed the cotton escaped from defendant's engine; then the burden is upon the defendant to show that it was not guilty of negligence in permitting such fire to escape, and a failure to make such showing subjects it to liability for loss approximately resulting therefrom. This feature of the case was fully and clearly covered by the main charge; and hence we conclude that the court did not err in refusing to give such special charge.

[2] It is insisted that the court erred in giving, at the instance of defendant in error, the following charge, "Gentlemen of the jury, you are instructed that plaintiffs, in the use of their property near the track of defendant, had the right to presume that said defendant would use ordinary care to properly equip, maintain, and operate its engines passing near said property to prevent the escape of sparks therefrom," on the ground that the same withholds from the consideration of the jury the issue as to whether or not plaintiffs have used ordinary care in the use of their property near defendant's tracks, since there was evidence that such care had not been used, and such presumption would obtain only in case plaintiffs had used ordinary care in the use of their property; and said charge ignored an important issue in the case—that is, the issue of contributory negligence—and was on the weight of the evidence. This charge was a mere abstract statement of the law, and not likely to affect defendant's rights; especially in view of the fact that the court, in its general charge, had properly charged the jury on the question of contributory negligence, for which reason we overrule the second assignment.

[3] Porter, the agent of the railway company, on cross-examination by defendant in error, was asked, "What notice did you get of the fire over there?" to which he answered: "I don't remember who it was that telephoned me about it. Somebody telephoned me at my office just about 1 o'clock. I was just getting ready to go to dinner." Counsel for defendant in error then asked the following question: "How were you concerned in the fire?" To which the witness replied: "I was concerned in it, because I was the representative of our company, and they claimed our company set the place on fire." To which answer plaintiff in error objected, and moved to exclude it, on the ground, among others, that it was a voluntary statement of the witness, and in its proposition insists that a mere voluntary statement of the witness, not responsive to any question asked by counsel, is not admis-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

sible in evidence, and on motion properly made should be excluded by the court. We think it sufficient to say that the answer was in direct response to the question; and therefore the court did not err in admitting it, as insisted by plaintiff in error. This is the only ground of objection suggested by the proposition. We therefore overrule the third assignment, presenting this matter.

[4] One of the issues on the trial was whether the fire was seen before or after the engine passed. As appears from the bill, plaintiff in error called the witness Epps, who stated that he did not remember whether he saw the fire before or after the engine passed. He was then asked if he had not made a statement about this matter to Mr. Williamson; and plaintiff in error likewise called Mr. J. A. Lord, the stenographer who reported a former trial of this case, and offered to show by his notes that the witness, on said former trial, had testified that he saw the fire before the engine passed. On objection, the court refused to permit the introduction of this testimony, and this refusal is made the basis of the fourth and fifth assignments of error. It will be noticed that the witness merely stated that he did not remember whether he saw the fire before or after the engine passed. At common law, a party was not allowed to impeach his *own witness* by showing that he had made elsewhere contradictory statements; but this rule has been so far modified in England by statute as to permit it under certain conditions. See section 857, vol. 3, Jones on Evidence. There has been much discussion in this country as to whether a party should be permitted to impeach his own witness by showing that he had made contradictory statements elsewhere to those given at the trial; but it seems to be settled that he cannot do so in the absence of a statute authorizing it. Section 858, Jones on Evidence, vol. 3; McKelvey on Evidence, p. 400, par. 251. But in many jurisdictions statutes have been passed allowing the introduction of such evidence. See volume 20, Dec. Ed. Cent. Dig. § 380(5), p. 2176 et seq. Our Code of Criminal Procedure of 1895 provides that "the rule that a party introducing a witness shall not attack his testimony is so far modified as that any party, when facts stated by the witness are injurious to his cause, may attack his testimony in any other respect except by proving the bad character of the witness." See article 795.

Whether the rule above prescribed applies in civil cases is unnecessary to discuss. In the present case, it will be observed that this witness made no statement *injurious* to the right of the plaintiff in error, only stating that he did not remember whether the fire originated before or after the engine passed. The bill does not show that counsel for plaintiff in error were surprised or misled by the statement of the witness in this respect. It has been held that the mere failure of the witness to testify to facts expected to be proved by him will not authorize his impeachment. Finley v. State (Cr. App.) 47 S. W. 1015; Feltner v. Commonwealth (Ky.) 64 S. W. 959. Nor can he be impeached where there is a mere failure in his testimony. Knight v. State (Cr. App.) 65 S. W. 88; Pryor v. Warford (Ky.) 54 S. W. 838. Where defendants were not misled by their witness as to what he would testify, nor surprised thereby, they could not read, in the hearing of the jury, from his deposition taken in a different proceeding, and ask him how he reconciles his testimony therewith. Parlin & Orendorff Co. v. Miller, 25 Tex. Civ. App. 190, 60 S. W. 881. The witness having merely stated that he did not remember whether the fire occurred before or after the engine passed; and, his testimony not being injurious to the cause of the party calling him, we hold that the court did not err in excluding the testimony offered, and overrule the fourth and fifth assignments complaining of this matter. See 1 Greenleaf on Evid. § 444. We overrule the remaining assignment; it being regarded without merit.

Finding no error in the proceedings of the trial court, its judgment is in all respects affirmed.

Affirmed.