LANE et al. v. HERRING, Co. Atty.
(No. 7637.)

(Court of Civil Appeals of Texas. Dallas. Nov. 25, 1916. Rehearing Denied Jan. 6, 1917.)

1. WITNESSES ⬉380(5)—IMPEACHMENT—PARTY'S OWN WITNESS.

A party cannot impeach a witness called by him by showing statements made by the witness contrary to his testimony where there is no claim that the witness misled or deceived the party, though such statements may be called to the attention of the witness to refresh his memory and to give him an opportunity to explain or correct apparent contradictions.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1214, 1219; Dec. Dig. ⬉ 380(5).]

2. APPEAL AND ERROR ⬉1010(1)—REVIEW—FINDINGS—VERDICT.

Findings by the court or the jury that persons were property tax payers in a school district, when supported by the evidence, cannot and will not be disturbed by the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3981; Dec. Dig. ⬉ 1010(1).]

3. ELECTIONS ⬉81 — BOND ELECTIONS — QUALIFICATION OF VOTERS—"PROPERTY TAX PAYER."

In view of Const. art. 8, § 1, declaring every character of property within the jurisdiction of the state subject to taxation except that specifically exempted, a person who owned any property subject to taxation, though only a hog or a watch, was a property tax payer within Vernon's Sayles' Ann. Civ. St. 1914, art. 2831, prescribing the qualifications of voters at an election on the issuance of school bonds; it not being necessary that he own a substantial amount of property.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 75; Dec. Dig. ⬉81.

For other definitions, see Words and Phrases, First and Second Series, Property Tax Payer.]

4. ELECTIONS ⬉81—BOND ELECTION—QUALIFICATION OF VOTERS—TAXABLE PROPERTY.

A thing without value is not subject to taxation, and therefore its ownership does not make the owner a property tax payer qualified to vote at a school bond election.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 75; Dec. Dig. ⬉81.]

Appeal from District Court, Limestone County; C. S. Bradley, Special Judge.

Proceedings by J. D. Lane and others against M. Herring, County Attorney, to contest the validity of a bond election in a school district. Judgment for defendant, and plaintiffs appeal. Affirmed.

W. T. Jackson, of Groesbeck, for appellants.

RASBURY, J. This is a proceeding contesting the validity of an election held in common school district No. 40 of Limestone county for the purpose of determining whether the district should issue bonds in the amount of $3,500 to be expended in the erection of a schoolhouse. It was alleged by appellants, who were plaintiffs below, that 44 votes were cast at said election, 23 being in favor of issuing the bonds and 21 against; and that the commissioners' court had entered an order declaring the bond issue had carried. It was further alleged that the bond issue had not in fact carried for the reason that three illegal votes had been cast in favor of the bond issue, to wit, the votes of John Burleson, Vernon Burleson, and Ed Stevens, neither of whom owned property in the district, and hence were not entitled to vote because not property tax payers in the district, and the elimination of whose votes would result in a majority against the bonds. The petition prayed for injunction restraining the issuance and sale of the bonds.

[1] The first assignment complains of the action of the trial judge in excluding certain testimony. By the bill of exceptions supporting the assignment it appears that appellants called as a witness John Burleson, who it was claimed cast one of the illegal votes for the bond issue and proved by him that he voted at the election in favor of the bonds, and that he was a qualified voter because he was on January 1st, preceding the election, the

owner of two hogs of the value of $5 which he had purchased from Ed Lauderdale. After opposing counsel had cross-examined the witness counsel for appellants subjected the witness to further questioning for the purpose of showing that the witness did not own the hogs on January 1st, but had acquired them subsequent thereto, all of which the witness denied. Thereupon counsel for appellants inquired of the witness if he did not on January 1, 1915, at J. M. Jones' residence, tell Jones that he did not as matter of fact buy Lauderdale's hogs. This the witness denied. Subsequently appellant called J. M. Jones as a witness by whom he sought to prove that Burleson did make the statements which he denied. Upon objection the witness was not permitted to so testify on the ground that appellant could not in such manner impeach his own witness. If permitted he would have testified that Burleson on February 1, 1915, told him at his residence that he did not purchase the hogs from Lauderdale in December prior, but subsequent, to January preceding the election. To the action of the court so outlined appellee excepted. Without attempting a discussion of the merits of the rule so widely and generally discussed in the past we think it clear that the testimony was correctly excluded. The general and settled rule is that a party will not be permitted to show by other witnesses or by direct or redirect examination that the former has made contradictory statements on prior occasions, etc. The rule has its origin in the principle that one who presents a witness to the court in support of his case represents him as worthy of belief, and may not impeach him by evidence to the contrary. The rule is, however, subject to the qualification that the witness' memory may be refreshed by reference to prior contradictory statements; the object being to enable the witness to explain and correct apparent contradictions, and subject to the further qualification that when a party has in good faith introduced a witness in the belief that he is friendly, but it develops that he is in fact hostile and has misled and deceived the party, the party so deceived and misled is allowed a wider range and will be permitted to show contradictory statements. Chamberlayne, Mod. Law Ev. vol. 5, §§ 3743, 3744; Jones on Evidence (2d Ed.) §§ 853, 854. The trial court followed the rule precisely. The bill of exceptions shows that counsel was permitted to call the attention of the witness to the alleged prior contradictory statements in order to permit the witness to explain or correct the apparent conflict. But the witness adhered to his original statement. No claim is made that the witness misled or deceived appellant, and hence the other qualification of the general rule is without application. Accordingly, it is our duty to overrule the first assignment of error. In such connection the second and third assignments present the same character of issue, and hence it will not be necessary to discuss same.

[2] The fourth assignment of error is that the evidence is insufficient to sustain the finding that John Burleson and Ed Stevens were property tax payers in common school district No. 40. There is in the record evidence which will sustain the findings of the trial court that both owned property on January before the election subject to taxation. Such question is for the jury, or when jury is waived for the trial judge, and when supported by the evidence cannot and will not be disturbed by the appellate courts.

[3] The fifth assignment asserts that the charge of the court defining property tax payer is erroneous. The court instructed the jury that a property tax payer, within the meaning of article 2831, Vernon's Sayles' Statutes, defining the qualifications of voters in elections to issue bonds—

"is a person who owned property subject to taxation on the 1st day of January, 1915. The ownership of hogs or any interest in hogs; the ownership of a watch; or the ownership of property."

It is also urged that the court erred in refusing to instruct the jury as requested by appellants that:

"A property tax payer, as meant in this case, is a person who pays taxes on a substantial amount of property; a person owning a very insignificant amount of property, say under $10, would not be a property tax payer under the meaning of the law."

The general rule is that every character of property within the jurisdiction of the state is subject to its taxing power, save that which is specifically exempted from taxation. It is so declared by article 8, § 1, of our Constitution, which was held to be broad enough to "embrace every kind and class of property within the limits of the state." Hall v. Miller, 110 S. W. 165; Id., 102 Tex. 289, 115 S. W. 1168. As a consequence the personal property mentioned in the court's charge, not being by other provisions of our laws exempt from taxation, was with all other property subject to taxation, and being so constituted its owner a property tax payer within the meaning of article 2831, Vernon's Sayles' Stats., and entitled, other qualifications being shown, to participate in the school election. For the reasons we have stated the court should not have given the charge requested by appellants. To say that only those who pay taxes upon a "substantial" amount of property would be to adopt a very uncertain and unreliable rule. What one person might regard as a "substantial" amount of property another might consider insignificant, and what one might consider insignificant another might with much reason regard as substantial. Accordingly, the right to vote at such elections would be stripped of all fixed and certain rights, and in every contest that arose that right would finally depend upon what the judge or the

jury considered was a substantial amount of property.

[4] Of course a thing without value cannot be taxed, and hence is not subject to taxation, because without any basis upon which to fix the amount of tax. But as to whether property has a value or not is another question which may be certainly determined under rules of evidence long established. While the amount of the property of those whose votes were challenged was inconsiderable, it was none the less property and under the sweeping provisions of the Constitution subject to taxation, and being so constituted the owners property tax payers within the meaning of the statute referred to.

Finding no error in the record, the judgment is affirmed.