HIX et al. v. TOMLINSON. (No. 8737.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 24, 1917.)

1. BROKERS ⚫═══86(8)—RIGHT TO COMMISSION—EVIDENCE—SUFFICIENCY.

Evidence *held* to sustain verdict for broker for the full amount of commission claimed.

2. BROKERS ⚫═══63(1)—RIGHT TO COMMISSION—DEFAULT OF PRINCIPAL.

If a broker produced a buyer ready, willing, and able to buy, and failure to consummate the deal was due to the refusal of his principal, he could recover the agreed commission.

3. NOVATION ⚫═══7—WHAT CONSTITUTES.

Where defendant agreed to pay a broker a certain commission and later the broker agreed to accept a smaller commission if he would sign contract before a certain hour and defendant failed to sign it, there was no novation.

4. NOVATION ⚫═══12—PRESUMPTIONS.

A novation which does not clearly appear will not be presumed.

5. NOVATION ⚫═══12—BURDEN OF PROOF.

The burden of pleading and proof rests upon him who would rely on a novation.

6. APPEAL AND ERROR ⚫═══1062(5)—HARMLESS ERROR.

Where a broker sued for an agreed commission, and the defendant answered that there was a new contract for a smaller amount but that the purchaser refused to consummate it, and the jury found in favor of the original contract, whether the second agreement was made, and whether it was made on condition, was immate-

rial, and error in form of instruction submitting the issue of the second agreement was harmless.

Appeal from Jones County Court; J. F. Lindsey, Judge.

Action by W. R. Tomlinson against J. M. and J. O. Hix. Judgment for plaintiff, and defendants appeal. Affirmed.

E. T. Brooks, of Anson, and J. P. Stinson, of Abilene, for appellants. Joe C. Randel and C. P. Chastain, both of Hamlin, for appellee.

BUCK, J. This suit was filed by W. R. Tomlinson, a real estate broker, against J. M. and J. O. Hix to collect a commission of $700 alleged to be due by reason of plaintiff's employment by defendants to sell or exchange certain ranch property in Sterling county, Tex., and plaintiff alleged that he had procured a purchaser for the ranch who was ready, able, and willing to purchase said ranch upon the terms and conditions agreed upon and stipulated by defendants; that defendants failed and refused to convey the land to the party who was so procured as a purchaser by plaintiff, and failed and refused to pay said commission to plaintiff. Defendants answered by way of general demurrer, special exceptions, and general denial, and specially pleaded that defendants agreed to pay plaintiff the sum of $400, provided he effected the exchange of lands, and that the prospective purchaser failed and refused to enter into the contract of exchange, though defendants were willing so to do. The cause was submitted to a jury on special issues, which were answered in favor of plaintiff, and from a judgment for plaintiff in the sum of $700, with legal interest from date of judgment, defendants have appealed.

The evidence discloses that the defendants, father and son, owned a ranch in Sterling county, against which there was an indebtedness of $5,000 to the state and $3,000 to a private individual; that H. B. Lewis owned a farm of 1,000 acres near Hamlin, Jones county; that through the efforts of plaintiff the owners of the ranch and the owner of the farm were brought together; and that finally the defendants and Lewis agreed upon the terms of an exchange, to wit, that Lewis was to give his farm, assume the indebtedness of $11,000 on the ranch, and pay $3,000 in cash. These terms and the price of the ranch were the terms and price stipulated by defendants, and that defendants were willing to close the deal upon these terms, provided plaintiff would agree to accept a commission of $250 instead of $700, which latter amount they had agreed to pay in the way of commission at the time they listed the ranch property with plaintiff. Plaintiff refused to accept the reduction in his commission, and Lewis stated that he had nothing to do with the payment of the commission, and would

give defendants until sundown of the following day to close the trade. Upon the return of plaintiff and one of the defendants from an inspection of the ranch to their home in Hamlin, plaintiff called upon the son, J. O. Hix, several times, urging him to close the deal; but J. O. Hix declined to do so unless plaintiff would accept $250 in full for the commission due him from the defendants. This plaintiff refused to do. He then went to see the father, J. M. Hix, and, after talking with him some time, plaintiff agreed, as a compromise, to accept $400 as his commission, provided the defendants would sign the contract of exchange, already prepared, before sundown of that day, telling him that when the sun went down Lewis would be relieved from his agreement to trade. J. M. Hix refused to sign the contract at that time, though plaintiff told him that, if Lewis refused to renew the trade on the next day, defendants would owe him (plaintiff) the $700, which he claimed they had agreed to pay him. On the day following this last conversation between plaintiff and J. M. Hix, all parties met in Hamlin, went to a lawyer's office, and Hix agreed to sign the contract of exchange; but Lewis declined to do so, and the trade was not made.

The jury found that defendants had agreed to pay plaintiff $700 as a commission for his services in procuring an exchange of lands with H. B. Lewis on the terms and conditions stipulated by the defendants; that Lewis accepted the proposition of defendants for the exchange of lands with them, and he was ready, able, and willing to fulfill the terms of the trade stipulated by defendants; that plaintiff entered into a second agreement with defendants to accept $400 for his services, provided "that defendants would sign said contract before a certain time limit expired." There is evidence in the record that J. O. Hix, at the time and before he, in company with plaintiff, went to show Lewis the ranch, stated that he would not pay $700 in the way of commission; that $700 was too much; that he would pay $250. Plaintiff insisted that, if the trade was made, defendants would have to pay $700, as they promised to do, and the controversy was left in this attitude during the trip to the ranch until the final agreement of the defendants and Lewis as to the terms of the trade, at which time defendants refused to consummate the deal unless plaintiff would reduce his claim for commission to $250.

[1, 2] We think the evidence is sufficient to sustain the finding of the jury upon all the issues submitted to them, and that therefore we must find that defendants promised to pay $700 as a commission for the exchange of lands with Lewis, that plaintiff procured a purchaser who was ready, able, and willing to comply with the terms stipulated by defendants, and that defendants refused to consummate the trade on such terms. Hence it must be held that, if the failure to consum-

mate the deal was due to the refusal of the defendants to make the trade, at that time plaintiff had earned and was entitled to the commission which defendants had promised to pay him. Goodwin v. Gunter, 185 S. W. 295.

[3] Appellants insist, however, that plaintiff is not entitled to recover, because the evidence shows that he agreed with one of the defendants to accept $400 as a commission, and that thereafter defendants expressed a willingness to carry out the terms of the deal and were prevented from so doing by the refusal of Lewis. The testimony of plaintiff on this issue is to the effect that he agreed with J. M. Hix to accept $400, "as a compromise," provided Hix would sign the contract before sundown of that day. This Hix refused to do. Hence it cannot be held that the agreement by plaintiff, under the circumstances disclosed, to accept $400 in lieu of the $700 claimed, was a novation of the contract and agreement theretofore made between plaintiff and defendants with reference to the amount of commission to be paid. Plaintiff testified that, at the time of his agreement to accept the $400, he stipulated that defendant J. M. Hix should sign the contract before sundown of that day; that he stated further to Hix that, if on the next day Lewis refused to renew his acceptance of defendants' terms, he (plaintiff) would be entitled to and would claim the $700 previously promised by defendants in the way of commission.

29 Cyc. 1134, says:

"Novation may be affected in three ways: (1) By the substitution of a new obligation between the same parties, with intent to extinguish the old obligation; (2) by the substitution of a new debtor in the place of the old one, with intent to release the latter; (3) by the substitution of a new creditor in the place of the old one, with intent to transfer the rights of the latter to the former."

The same authority, on page 1138, expresses the law with reference to the question now under consideration in the following words:

"But no extinguishment is wrought if the arrangement is conditional, and the conditions are not fully complied with."

[4, 5] A novation which does not clearly appear will not be presumed. Scott v. Atchison, 36 Tex. 76, 80; Id., 38 Tex. 385, 390. Moreover, we are of the opinion that defendants' answer is insufficient to constitute a plea of novation. The burden of pleading and proof rests upon him who would rely on a novation. 29 Cyc. 1139 A.

[6] Complaint is made of the form of the submission of special issue No. 7, which is as follows:

"If you answer special issue No. 6, 'Yes,' then state the condition upon which said second agreement was made by the plaintiff."

It is urged that it was error to submit the issue in this form, because the same was upon the weight of the evidence and led the jury to believe that there was a condition upon which said agreement was made.

While we are of the opinion that the objection made by defendants below to the form of this submission, to the effect that the same was leading in its character, is well taken, yet we are of the opinion that the evidence amply sustains the findings of the jury in answer to the issues 1 to 5, inclusive, and that therefore the answers to issues 6 and 7 become immaterial. If plaintiff had procured a purchaser ready, able, and willing to close the deal for the ranch on the terms stipulated by defendants, and defendants refused without just cause to convey the property in compliance with the terms of the agreement, and defendants had agreed to pay plaintiff the full $700, all of which the jury found in response to the five issues mentioned, then it would become immaterial that subsequently plaintiff agreed to accept $400 as the basis of his commission, and it would also become immaterial as to the terms of conditions, if any, upon which he agreed to accept said less amount. Indeed, in the absence of a consideration moving to plaintiff to sustain the unexecuted claimed second agreement, the same, while still executory, would not be binding upon plaintiff. Anson on Contracts (2d Ed.) p. 111, and notes thereunder; 1 Elliott on Contracts, § 217, and cases cited.

Hence we conclude that there is no prejudicial error presented in any of appellant's assignments, and that all assignments should be overruled, and the judgment affirmed.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.