**BARTON, Sheriff, et al. v. LARY.** (No. 300.)

Court of Civil Appeals of Texas. Eastland.
May 13, 1927.

Rehearing Denied June 17, 1927.

1. **Appeal and error** ⬅➡843(4)—Where tender by plaintiff was not necessary to support suit, sufficiency of pleadings and evidence thereon are immaterial.

Where no tender was necessary in order for plaintiff to support his suit, sufficiency of pleadings as to tender and evidence thereon were immaterial.

2. **Appeal and error** ⬅➡736—Assignment complaining of a large number of separate grounds of error cannot be considered.

Assignment of error, complaining of a large number of separate grounds of error, cannot be considered.

3. **Appeal and error** ⬅➡736—Courts of Civil Appeals cannot consider assignment embracing more than one specific ground of error.

Courts of Civil Appeals cannot consider an assignment which embraces more than one specific ground of error.

4. **Witnesses** ⬅➡380(8)—Witness, cross-examined by party not calling him as to facts not within direct examination, does not become witness of party cross-examining him.

Where party, on cross-examination of witness called by the other party, examines him as to facts different from, and not within, direct examination, such witness does not thereby become the witness of the party cross-examining him, so that he vouches for witness' truthfulness as to such facts.

5. **Witnesses** ⬅➡380(8)—Refusal to permit defendants to lay predicate to impeach their witness held proper, where his answers on cross-examination were not unexpected (Code Cr. Proc. 1925, art. 732).

Since, by Code Cr. Proc. 1925, art. 732, rule regarding right of party introducing a witness to attack his testimony is modified as to criminal cases, there was no error in civil action in refusing to permit defendants to lay a predicate to impeach their witness, who on cross-examination testified to facts on other issues damaging their cause, where it was not shown that testimony of witness on cross-examination was unexpected or that defendants had reason to believe he would testify differently.

6. **Witnesses** ⬅➡380(5)—Generally party cannot show by other witnesses that a witness whom he calls has made contradictory statements.

Generally a party cannot show by other witnesses that a witness whom he calls has made contradictory statements on other occasions.

7. **Judgment** ⬅➡710—Evidence of proceedings in case wherein mortgage lien was foreclosed was properly excluded, where intervener was not party thereto.

Sustaining objection to evidence of proceeding in case theretofore tried in district court, wherein mortgage lien of intervener was foreclosed, was proper, where intervener was not a party to that suit and was not bound thereby, nor was it required to intervene and set up its rights.

8. **Trial** ⬅➡133(6)—Defendants held not prejudiced by statement of plaintiff's counsel to jury which court substantially repeated in charge requesting jury not to consider argument of counsel unsupported by testimony.

Defendants were not prejudiced by request of plaintiff's counsel to jury not to consider argument of counsel unsupported by evidence, where court on oral request instructed jury not to consider statement of facts made by counsel in argument outside of the record and unsupported by testimony.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by J. L. Lary against J. D. Barton, Sheriff, and others, in which the defendant named impleaded the First State Bank of Carbon. From a judgment for plaintiff, defendants appeal. Affirmed.

Barker & Orn, of Cisco, for appellants.
Turner, Seaberry & Springer, of Eastland, for appellee.

HICKMAN, J. This is the second appeal of this case. The opinion in the former appeal will be found in Barton v. Lary (Tex. Civ. App.) 283 S. W. 920. No further statement of the nature of the suit than is contained in that opinion is necessary to an understanding of the issues decided herein.

Upon a·retrial of the case, judgment was again entered in favor of appellee, Lary, based upon the findings of the jury to special issues submitted by the court.

Appellants present this case for our consideration under forty-five propositions in a brief of 146 pages. An unusual amount of time has been spent by the court in considering all of these propositions, but, after a careful consideration thereof, we think that they may be disposed of without writing at length upon them.

Many of the propositions are based upon grounds which were considered and decided by the Court of Civil Appeals at El Paso upon the former appeal of this case. Upon a consideration of them we are of the opinion that a correct decision of the several points raised by appellants, which were decided adversely to them on that appeal, was made, and that no further discussion of the propositions there discussed is necessary.

[1] Ten or more of appellant's propositions challenge in different ways the sufficiency of the pleadings and evidence of appellee in the court below to show a valid tender by appellee to appellant the First State Bank of Carbon, of the amount owing by J. W. Guy to the said bank, and secured by a chattel mortgage upon the peanuts in suit. We think it immaterial to a decision of this case to determine the sufficiency of the pleading or of the evidence upon this question, as no tender was necessary in order for appellee to support his suit. Appellee was not indebted to the bank, but was the purchaser of property against which the bank held a mortgage lien. He was not made a party to the suit for the foreclosure of the lien, and certainly could not be required to tender money for the payment of a debt which he did not owe. Sabine Motor Company v. W. C. English Auto Co., 291 S. W. 1088.

There are many other contentions of appellants which were decided adversely to them by the Commission of Appeals in the above case. At the time the briefs were prepared and this case submitted to this court, the decision of the Commission of Appeals in the above case had not been published. The appellants regarded the instant case as a parallel case to Sabine Motor Company v. English Auto Company, 283 S. W. 224, and cited the decision of the Court of Civil Appeals in that case as authority for many propositions urged. Since the submission of this cause, the opinion of the Commission of Appeals upon that case has been published, and, without discussing the propositions of appellants which were decided adversely to their contention by the opinion of the commission, we refer to that case in answer to the several propositions based upon the opinion of the Court of Civil Appeals therein.

[2, 3] Another group of propositions, consisting of nine or ten, may be disposed of by stating that they were not properly presented to this court. They were all based upon assignment of error No. 18. That assignment complains of a large number of separate grounds of error, and for that reason it cannot be considered. Courts of Civil Appeals cannot consider an assignment which embraces more than one specific ground of error. Numerous authorities could be cited, but a large number of Texas cases have been collated in 3 C. J. p. 1365, note 71, and we refer thereto.

[4] By their assignment No. 10, appellants contend that the cross-examination of a witness should be limited to such matters as were inquired about on direct examination. The contention is made that, if a party to a suit upon cross-examination of a witness called by the other party examines the witness as to facts different from, and not within the purview of the direct examination of said witness, such witness thereby becomes the witness of the party cross-examining him, and that the court should instruct the jury that such party vouches for the truthfulness of the witness as to such facts. This is not the rule in Texas. Wentworth v. Crawford, 11 Tex. 127; Rhine v. Blake, 59 Tex. 240; Evansich v. G. C. & S. F. Ry. Co., 61 Tex. 24; Cresson v. Wortham-Carter Publishing Co. (Tex. Civ. App.) 248 S. W. 1077.

[5, 6] Appellants also complain of the action of the trial court in not permitting them to lay a predicate for the impeachment of their witness, J. W. Guy. They had called the witness to the witness stand and interrogated him upon certain issues. On ·cross-examination this witness testified to facts on other issues damaging to appellant's cause. On redirect examination appellants propounded to the witness an interrogatory, calling upon him to answer whether or not he had made a statement to a third party at a certain place and time which contradicted the testimony he had given on cross-examination. Upon objection, the court would not permit the witness to answer the interrogatory, and error is assigned thereto. By article 732 of the Code of Criminal Procedure, the rule regarding the right of a party introducing a witness to attack his testimony is modified as to criminal cases. Under this article a great deal of latitude is allowed by our Court of Criminal Appeals to a party in regard to impeaching his own witness. It is stated, in an opinion by the Austin Court of Civil Appeals in the case of G., C. & S. F. Ry. Co. v. Mitchell, 21 Tex. Civ. App. 463, 51 S. W. 662, that:

"And though this statute does not, in terms, apply to civil procedure, the rule should be the same in both civil and criminal cases, unless cogent reasons for a distinction can be given."

In the case of Hord v. G., C. & S. F. Ry. Co., 33 Tex. Civ. App. 163, 76 S. W. 227, in

an opinion by the Fort Worth Court of Civil Appeals, this language is used:

"The proposed testimony further tended to show that the witness had made prior contradictory statements, and should, perhaps, for that reason, have been admitted; and this, too, whether she be treated as appellee's or appellants' witness."

Those cases are distinguishable upon the facts from the one at bar but, without undertaking to harmonize the above quotations with the general rule as we understand it to be, we think that there was no error in sustaining the objection to this interrogatory.

It is not shown that the testimony given by the witness on cross-examination was unexpected, or that appellants had any reason to believe that the witness would testify differently. He was not an adverse party to appellant, and, under these facts, we think that the general rule is that a party cannot show by other witnesses that a witness whom he calls has made contradictory statements on other occasions. Lane v. Herring (Tex. Civ. App.) 190 S. W. 778; Kirby Lumber Company v. Youngblood (Tex. Civ. App.) 192 S. W. 1106; Railway Co. v. Waco Cotton Pickery (Tex Civ. App.) 146 S. W. 201; P. & O. Co. v. Miller, 25 Tex. Civ. App. 190, 60 S. W. 881; Goree v. Goree, 22 Tex. Civ. App. 470, 54 S. W. 1036; Jones on Evidence (3d Ed.) par. 854, p. 1343; 40 Cyc. p. 2559.

[7] Error is assigned to the action of the trial court in sustaining an objection to the introduction by appellants of the proceedings in a case which had been theretofore tried in the district court of Eastland county, wherein the mortgage lien of appellant bank was foreclosed against one J. W. Guy. We think these proceedings were properly excluded. Appellant was not a party to that suit, and would not be bound by the proceedings therein. He was not required to intervene and set up his rights, although he had knowledge of the pendency of the suit. If the appellant bank desired to bind appellee by the judgment in that case, it should have made him a party thereto. Not having done so, the proceedings therein are not evidence against him. Sabine Motor Co. v. English Auto Company (Tex. Com. App.) 291 S. W. 1088.

[8] The last assignment presented by appellants is based upon the conduct of counsel for appellee in presenting the case to the jury. The bill of exceptions upon which the assignment is based discloses that, while one of the attorneys for appellee was making the closing argument to the jury in behalf of appellee, who was plaintiff below, he made certain remarks and arguments to which appellants, who were defendants below, excepted. After presenting appellant's exceptions to such argument to the court, the court informed counsel for appellee that he was inclined to give two of the special charges and thought he would give them in charge to the jury; whereupon one of the attorneys for appellee stated to the court that he had no objection to the giving of the special requested charges, provided the court would instruct the jury not to consider remarks made by any of the attorneys which were not supported by the record, and asked that all the statements made by counsel be given; but the court stated that, since the counsel for plaintiff agreed that the exceptions be sustained, there was no necessity to show the argument of the counsel for the defendant that provoked such statement, if any. The bill of exceptions then discloses that one of the attorneys for the appellee stated to the jury:

"Gentlemen of the jury, some exceptions have been taken to some of the remarks made by my cocounsel in his speech to you gentlemen. The objections are that some of his statements of fact are not supported by any testimony brought before you. Now, gentlemen, we want to be fair and now want to explain and ask you gentlemen not to consider any of the remarks made by Mr. Springer that are not supported by the testimony."

The bill of exceptions is very long, but the conclusion of the matter was that the court, on oral request, instructed the jury not to consider any statement of facts made by the counsel in their argument outside of the record and unsupported by the testimony. We cannot understand how any injury could have resulted from this proceeding. The bill of exceptions does not complain of any remarks which counsel made out of the record, but only complains of the statement of the cocounsel requesting the jury not to consider any improper remarks. We cannot understand how a jury could have been improperly influenced by the statement of counsel contained in the bill, and the assignment complaining of this matter is overruled.

The case has been hotly contested. Counsel have carefully and diligently briefed all points relied upon. We have looked well into the record and the assignments, and believe that no reversible error is disclosed.

The judgment of the trial court should be permitted to stand, and this case is accordingly affirmed.