## MYERS et ux. v. WALKER. (No. 464.)

Court of Civil Appeals of Texas. Eastland.
June 22, 1928.

1. **Appeal and error ⊂⊃737—Assignment complaining of error in refusing instructions on four separate grounds held multifarious.**

Assignment of error, complaining of four separate grounds of error in refusing special requested instructions, requested instructions, and special instructions *held* multifarious.

2. **Appeal and error ⊂⊃736—Generally each error must be separately and distinctly specified, and no one assignment shall embrace more than one specification of error.**

It is general rule that each error relied on must be separately and distinctly specified, and that no one assignment shall embrace more than one specification of error.

3. **Appeal and error ⊂⊃733—Assignment of error, complaining judgment was contrary to law and evidence, in that witness testified he never agreed with representative of grantor to turn property back, held too general.**

Assignment of error, complaining that judgment was contrary to law and evidence, in that witness testified he had never agreed with rep-

resentative of grantor to turn property back to latter, *held*, too general.

**4. Appeal and error** ☞1011(1)—**Appellate court held unauthorized to disturb finding that agreement was made to turn property back to grantor, based on conflicting evidence.**

Finding that agreement was made with representative of grantor to turn property back to latter, based on conflicting evidence, could not be disturbed on appeal, since it was province of jury to pass on testimony.

Error from District Court, Stephens County; .C. O. Hamlin, Judge.

Suit by B. S. Walker against C. A. Myers and wife. Judgment for plaintiff, and defendants bring error. Affirmed.

W. J. Arrington, of Breckenridge, for plaintiffs in error.

McCartney, Foster & McGee, of Fort Worth, for defendant in error.

LESLIE, J. B. S. Walker filed this suit against C. A. Myers and wife to recover certain real estate situated in Stephens county, Tex. The petition contained two counts, one in straight trespass to try title, and the other claiming the right of rescission of the original conveyance. The case was tried on the latter count. .The facts out of which the lawsuit grows are briefly these:

August 4 and 24, 1920, plaintiff was the owner of the property in suit, and on said respective dates conveyed same· to J. D. White, retaining in the deed a vendor's lien to secure the unpaid purchase price, evidenced by several vendor's lien notes payable to the order of the plaintiff on various future dates. The conveyance was executory. May 12, 1921, White conveyed his interest in the property to H. I. and W. L. Johnson, who thereafter, on August 2, 1926, sold the same to the defendants Myers. Plaintiff alleged that on or about January 1, 1925, the said J. D. White and all persons claiming under him had abandoned the property and removed from the same; that he had been unable to collect the unpaid purchase-money notes; that the lien was in full force and effect, and unsatisfied; that he theretofore had elected to rescind the conveyance, and did so rescind it, resuming possession of the property, holding and controlling same, down to the unlawful entry thereon by the defendants. The plaintiff further alleged that, after such rescission and resumption of possession of the property, he entered into a rental contract (July 29th) with defendants, whereby he leased said premises to them for a period of one month, beginning August 1, 1925, and ending August 31, 1925; that on August 29th this contract, by written agreement between plaintiff and the defendants, was extended for a period of one year, beginning August 31, 1925, and ending August 31, 1926.

The defendants based their claim to the property upon the instrument of conveyance obtained by them from Johnson on August 2, 1926 (less than a month before the expiration of the second rental contract accepted by them from Walker), and in that connection also set up a claim to a substantial equity in the land, but they did not tender the unpaid balance of the purchase-money notes, but pleaded limitation to the plaintiff's claim for a foreclosure thereof. The plaintiff, by alternative plea, asked for foreclosure merely in the event that the court found the defendants owned an equity in the property worthy of protection, and concluded to deny plaintiff his right to rescission.

By agreement with the Johnsons it appears that Walker took charge of the property in 1924, and paid the taxes on the same for that and the following years. It is not believed that a more detailed statement of the contentions would serve any useful purpose. By proper pleadings certain issues were drawn. The trial was before the court and jury, and to certain issues unchallenged by reason of substance, or the form and manner in which submitted, the jury found: That said H. I. Johnson and the representative of B. S. Walker agreed, prior to August 4, 1925, that said Walker should take back the property involved in this suit; that independent of any agreement with H. I. Johnson, B. S. Walker, prior to August 4, 1925, did take over the property and treat the sale as at an end; that prior to August 4, 1925, Johnson Bros. abandoned the property in question, by relinquishing care, control, and management of the same,

Upon this and other findings not necessary to mention, the court rendered judgment in favor of the plaintiff for the title and possession of the property involved. The defendants appeal, and complain of the proceedings in the trial court under two assignments of error. The defendant in error objects to this court's consideration of these assignments, and challenges them as being multifarious, and in other respects insufficient under the rules to present any question to this court for review.

[1, 2] The plaintiffs in error present their first assignment of error in the following manner:

"1. (Second in the record.)

"A. Because the court erred in refusing to· submit to the jury defendants' first special requested instructions.

"B. Because the court erred in refusing to submit to the jury defendants' second requested instructions.

"C. Because the court erred in refusing to submit to the jury defendants' special requested instructions.

"D. Because the court erred in refusing to submit to the jury the defendants' fourth special instructions."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Clearly this assignment is multifarious. It is a general rule that each error relied on must be separately and distinctly specified, and that no one assignment shall embrace more than one specification of error. This one complains of four separate grounds of error, and for that reason it cannot be considered. T. & P. Ry. Co. v. Donovan, 86 Tex. 378, 25 S. W. 10; Barton v. Lary (Tex. Civ. App.) 295 S. W. 947 (writ dismissed); 3 C. J. 1362, note 71; article 1844, note 49, p. 107, vol. 4, Vernon's Ann. Tex. St., and numerous authorities collated there.

[3, 4] The second assignment complains that the judgment is contrary to the law and evidence, in that the witness H. I. Johnson testified that he never agreed with M. E. Daniels, the representative of B. S. Walker, to turn the property back to the latter. This language is too general to be considered as an assignment of error. See authorities collated under note 44, art. 1844, supra. The language at most merely suggests that upon the trial an issue arose as to whether or not the property sued for was turned back to B. S. Walker under an agreement between Johnson and Daniels, the agent of Walker. The record discloses that Daniels so testified. Johnson denied such an agreement. Thus the testimony conflicted, and in answer to the first special issue the jury resolved that issue favorably to the contention of Walker, as based upon the testimony of Daniels. This being the case, we would not be authorized to disturb the jury's verdict in that respect, even if it were challenged by a proper assignment. It was the province of the jury to pass upon the testimony, and they had a right to disregard or disbelieve any part of it that did not appeal to them. Houston, E. & W. T. Ry. Co. v. Runnels, 92 Tex. 307, 47 S. W. 971.

The plaintiffs in error having presented no sufficient grounds to justify this court in reversing the judgment of the trial court, that judgment is, for the reasons assigned, in all things affirmed.