## MONEY v. DAMERON.
### No. 4115.

Court of Civil Appeals of Texas. Amarillo. Dec. 6, 1933.

Rehearing Denied April 9, 1934.

W. T. Brothers, of Amarillo, for appellant.

Wm. H. Russell and Carl Gilliland, both of Hereford, and Cooper & Lumpkin, of Amarillo, for appellee.

MARTIN, Justice.

Caroline McCord filed suit on certain vendors' lien notes and for foreclosure of lien against L. H. Shore, Travis M. Dameron, Billie K. Money, and Elsie Money. The controversy here is between Dameron and Elsie Money only. Judgment was sought against Dameron and he in turn filed a cross-action against Elsie Money. That part of his cause of action against her deemed material here was pleaded in the following language:

"On or about the 15th day of February, 1931, this defendant entered into a written contract of sale and exchange with Mrs. Elsie Money whereby he bargained and sold to Mrs. Elsie Money the west half of section 37, block K—14 of Deaf Smith County, Texas, and that as part of the consideration the defendant, Mrs. Elsie Money, assumed and agreed to pay the last seven of the eight $200.00 notes hereinbefore described as well as the last four of the $220.00 notes aforesaid and the 1931 taxes on the land. That by reason of the said contract and assumption of the notes the defendant Mrs. Elsie Money, became personally liable on said notes so assumed, and owes this defendant the duty to protect and save him harmless from the payment of said notes or any part thereof.

"That thereafter, to-wit: on or about the 27th day of April, 1931, this defendant, Travis M. Dameron, by deed of that date recorded in book 67, page 320 of the deed records of Deaf Smith County, Texas, did convey at the instance and request of the said Mrs. Elsie Money, the west half of section 37, Block K—14 of Deaf Smith County, Texas, to the defendant Billie K. Money; and that the said Billie K. Money, in consideration therefor, assumed and agreed to pay, which assumption was recited in the deed, the last seven of the eight $200.00 notes above described, and the last four of the five $220.00 notes above set forth, with accrued interest thereon, and by reason of said assumption, the defendant Billie K. Money is personally liable for the payment of the

notes sued on, and owes this defendant the duty to protect and save him harmless from the payment of said notes or any part thereof."

To this she answered only by a general demurrer and general denial. She was cast in the action and claims here that her defense of novation was ignored by the trial court, that the evidence showed, and at least raised an issue, that she had been released by appellee from her original agreement to pay the notes in controversy, and the obligation and assumption of the notes by Billie K. Money accepted in lieu of her obligation to pay same. The court refused to submit any issue to the jury concerning novation.

We do not pass on whether such issue was raised by the evidence, since the defense of novation was not specially pleaded by appellant, and any judgment rendered on a finding of the existence of such a defense would have been without pleadings to support it. It has been pointedly held in Texas that evidence of such a defense is not admissible under a general denial. Prutzman v. Winter (Tex. Civ. App.) 280 S. W. 266. It is an affirmative defense in the nature of a release or discharge and is new matter which must be specially pleaded. 46 C. J. 624; Hix v. Tomlinson (Tex. Civ. App.) 200 S. W. 897; John Wanamaker New York v. Comfort (C. C. A.) 53 F.(2d) 754. It must clearly appear and will not be presumed. Hix v. Tomlinson, supra.

"The reason for the rule is obvious. 'Novation is made by contract, and is subject to all the rules concerning contracts in general.' * * * A novation must be supported by a consideration. * * * When a novation is pleaded, the adversary is given an opportunity to resist it on the ground of want of consideration, fraud, and the like. Unless it is pleaded, fair opportunity to resist the contention is not afforded." Bose v. Sullivan, 87 Mont. 476, 288 P. 614, 616.

Nor do we think the appellee himself alleged the defense in such way as to relieve the appellant of the necessity of so doing. His pleadings show primary liability against appellant on the notes. The fact that he alleged the title to the land was taken in the name of another would not sufficiently allege a new contract either express or implied between the parties, particularly an intention to extinguish her original obligation and accept another's in lieu thereof.

The failure of the court to notice appellant's alleged defense of novation is the only question presented.

The judgment is affirmed.

### On Motion for Rehearing.

We add the following observations to what is said in the original opinion.

"In every novation there are four essential prerequisites: (1) A previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the extinguishment of the old contract; and (4) the validity of the new one. It constitutes a new contractual relation and is based upon a new contract by all parties interested. 29 Cyc. 1130." Kirkup v. Anaconda Amusement Co., 59 Mont. 469, 197 P. 1005, 1011, 17 A. L. R. 451.

"The plea of novation is an affirmative defense in the nature of a release or discharge and is new matter which must be specially pleaded; however, there is authority to the effect that the issue may also be raised under a general denial. It is essential that a plea or answer allege all the essential elements of a novation, which must clearly and definitely appear by direct averment or by necessary inference from the facts averred." 46 C. J. 624, § 69.

"In order to effect a novation there must be a clear and definite intention on the part of all concerned that such is the purpose of the agreement, for it is a well settled principle that novation is never to be presumed." 20 R. C. L. 366, § 8.

"In order to constitute a novation such as will release the obligation of the original debtor to his creditor it is necessary that there should be a new and valid contract which, as agreed between the parties, extinguishes the assumed existing contract or obligation. Hence it must appear that the creditor unconditionally released the original debtor and accepted the third person in his stead; and where the parties count on the old contract as subsisting it certainly has not been novated. The discharge of the old debt must be contemporaneous with and result from the consummation of an arrangement with the new debtor." 20 R. C. L. 371, § 14.

It is well settled that the burden is on the party asserting a novation to plead and prove same.

One may accept money or performance of a contract from a third party without releasing the original obligor. Harrington-Wi-

**294**

ard Co. v. Blomstrom Mfg. Co., 166 Mich. 276, 131 N. W. 559, 563.

"Intent of the creditor to look to the new debtor is not in itself a release of the old debtor, unless clear from all the circumstances that it was so intended, and the creditor may have a remedy against both old and new debtor." City National Bank et al. v. Fuller (C. C. A.) 52 F.(2d) 870, 875, 79 A. L. R. 71.

It is contended here that the pleadings on their face by showing the delivery of a deed to the third party at the request of the original debtor, shows a novation. It has been otherwise expressly decided. Linbrook Realty Co. v. Rogers, 158 Va. 181, 163 S. E. 346, 84 A. L. R. 1039.

Of the elements of a novation mentioned above, it is clear to us that the pleadings in this case do not show upon their face a clear intention to extinguish the obligation of the original debtor and release her. It is claimed that a new contract was made which amounted to a release of appellant, but no such new contract amounting to a novation is shown either in the pleadings of appellee or appellant. A careful reconsideration of this record has completely convinced us that our original holding was correct.

■ Finally we observe that while out of a sense of justice to the appellant we have considered the points argued by her, it plainly appears from a consideration of the record that nothing except fundamental error is properly presented for review. She bases the error of the court in refusing to charge on novation on the following assignment of error:

"The Court erred in refusing to submit to the jury the special issues Nos. 1, 2, 3, 4, and 5 and requested by defendant in cross-action, which issues are made a part of this assignment according to their consecutive numbers."

Some of these appear to present unrelated matters. That this assignment is multifarious and not entitled to consideration has been pointedly and ofttimes decided. 3 Tex. Jur., page 856; Phœnix Furniture Co. v. Kay (Tex. Civ. App.) 10 S.W.(2d) 422; Myers v. Walker (Tex. Civ. App.) 8 S.W.(2d) 550; Potomac Ins. Co. v. Easley (Tex. Civ. App.) 293 S. W. 346.

■ Complaint appears in the brief of certain defects in the pleading and also of the court's charge. If any exception as to either was ever called to the court's attention and acted on, the transcript fails to show it. Ap-

parently no exceptions were taken and preserved to the court's action in respect to either. It is not necessary to cite authority for the plain proposition that in such a case nothing is presented for review except fundamental error.

The motion for rehearing is overruled.