[Civ. No. 2496. First Appellate District, Division One.—January 21, 1919.]

## FRANK TRABUCCO, Respondent, v. M. J. COLLINS, Defendant; ELIZABETH COLLINS, Appellant.

NOVATION—NECESSITY OF PLEADING.—Novation is a new matter of defense or discharge which must be specially pleaded.

APPEAL—CROSS-EXAMINATION—WAIVER OF OBJECTION.—Where the trial court sustained an objection to a question to plaintiff by defendants on cross-examination, but stated that it might be matter of defense which defendants could prove as part of their case, the defendants, who did not seek to avail themselves of this permission, cannot complain on appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward J. Lynch for Appellant.

Olin L. Berry for Respondent.

WASTE, P. J.—This is an appeal from a judgment in favor of plaintiff. Defendant Elizabeth Collins alone appeals. Her first contention is that plaintiff's own case proved a "novation," by which his claim against her was extinguished; to wit, the creation of an obligation on a promissory note, signed by defendant M. J. Collins alone, in place of an obligation of both defendants to repay money loaned by plaintiff. She relies upon the two documents introduced in evidence by plaintiff, the first being a receipt for $476 in favor of plaintiff, signed by both defendants; the second dated later, being a promissory note in favor of plaintiff for the amount sued for, signed by defendant M. J. Collins only.

The defense of novation was not pleaded in the original answer, which denied the loan, and all, or any, indebtedness. Neither was it pleaded in the answer as amended at the conclusion of the trial, and which alleged, as a further and separate defense, that the money was paid by plaintiff in accordance with an agreement for the purchase of a one-half interest in the marble business conducted by the defendants. The finding of the court was squarely against both defendants on each of the defenses.

It is clear from the whole case that defendants did not rely upon a novation, but upon the alleged agreement set out in their answer. This, no doubt, is the reason they did not plead it. Novation "is held to be new matter of defense or discharge, which must be specially pleaded." (*McGinn* v. *Wiley,* 24 Cal. App. 312, [141 Pac. 53], and cases therein cited.) Furthermore, the evidence in the case, if considered in the light of such defense, would not support an allegation, or finding, that novation had resulted. Appellant, by her own acts, prevented the full consummation of any intent on the part of the parties, if any such existed, to extinguish the

old obligation.. She refused to sign the note on which she relies for novation, although plaintiff many times endeavored to have her do so, and he never by any act or word released her from her liability in the premises.

Appellant complains of two rulings of the trial court in sustaining objections to questions on cross-examination. Respondent had testified that he was not a partner in the marble business. On cross-examination he was asked whether or not he had guaranteed payment of an account against appellant's business, and whether or not he had bought certain materials from one Cassarelo. While neither act would conclusively establish a partnership relation and might be considered immaterial, no harm would have resulted from overruling the objection and allowing the witness to answer. The trial court, however, held the matter not proper cross-examination, but stated that it might be matter of defense, which defendants could prove as part of their case. They did not seek to avail themselves of this permission, and should not now complain.

While there is a conflict in some material parts of the testimony, the evidence beyond question supports the finding of the trial court. The defendants, husband and wife, were jointly conducting a marble and terrazzo business. Plaintiff advanced the money to both for the use and benefit of the business (a part of the amount being his own unpaid wages). The larger portion of the money appears to have been given directly to the wife for use in the business. The judgment of the lower court is affirmed.

Richards, J., and Kerrigan, J., concurred.