# PROUTY LUMBER & BOX CO. *v.* J. H. COGAN AND S. RILEY COGAN.

### (200 Pac. 905.)

**Witnesses—Witness, Who has Testified as to an Admission, Properly Cross-examined as to Admission.**

1. Where plaintiff's witness testified on direct examination as to an admission by defendants, the defendants were entitled, under Sections 711, 860, L. O. L., to cross-examine witness as to such admission.

**Evidence—Relevancy and Materiality Measured by Issue Formed by Pleadings.**

2. The relevancy and materiality of testimony are measured by the issue formed by the pleadings.

**Novation—Proof of Held a Variance.**

3. In action by seller of spruce logs against buyers, whose contract to furnish United States government spruce aeroplane stock had been canceled by the government, to recover under buyer's agreement to pay seller one-half of the amount allowed by the United States Spruce Production Board as damages for rescission of the contract, in which the buyers merely denied the allegations of the complaint as to such agreement and made no other defense, proof that buyers had sold the logs to third persons for a price which by agreement with seller was to be paid to the seller, thereby effecting a novation, *held* inadmissible, being clearly at variance with pleadings.

**Trial—Court may Exclude Testimony on General Objection, in Absence of Motion for Specific Objection.**

4. The trial judge may exclude testimony on a general objection thereto if he recognizes the validity of the legal conclusion sug-

gested by the general objection, since if adverse party requires a more specific objection, he should move for the necessary specifications.

From Clatsop: James A. Eakin, Judge.

Department 2.

The substance of the complaint is, that in September, 1918, the plaintiff sold to the defendants upwards of two million feet of spruce logs at certain prices; that the defendants took possession of them and rived 97,320 feet thereof, on account of which the sum of $3,406.20 became due to the plaintiff; that at the time of the sale the defendants had a contract with the United States government for furnishing spruce aeroplane stock, but before they had completed their contract the government canceled the same; that in settlement of the transactions between the parties to this action it was agreed that the defendants should redeliver to the plaintiff all of the logs on hand and should present a claim to the United States Spruce Production Board for damages resulting from the rescission of their contract and pay to the plaintiff one half of the amount allowed by that board as damages. It is said that the claim was presented and was allowed by the board at $6,950; that the parties agreed on the allowance of an attorney's fee of 10 per cent thereof, leaving $6,255 to be divided equally between the plaintiff and the defendants; and finally, that the plaintiff canceled its contract between plaintiff and the defendants, and its claim against them for the split and rived logs, but that the defendants have not paid one half the allowance made by the board as stated. The answer admits the corporate character and business of the plaintiff, but denies every other allegation of

the complaint, and this is the sole defense to the action.

The trial resulted in a verdict and judgment for the plaintiff, and the defendants appeal.    AFFIRMED.

For appellants there was a brief over the name of *Messrs. Norblad & Hesse,* with an oral argument by *Mr. Frank C. Hesse.*

For respondents there was a brief over the names of *Mr. G. C.* and *Mr. A. C. Fulton* and *Mr. Victor Miller,* with an oral argument by *Mr. G. C. Fulton.*

BURNETT, C. J.—Besides the specification of error to the effect that the court was wrong in entering judgment in favor of the plaintiff and against the defendants, there are but three assignments of error, which may be considered together. The witnesses Warren and Scott were called by the plaintiff, and gave testimony about a conversation which they had with the defendants in which, in substance, the latter said they were practically bankrupt, when Scott answered that one with $7,000 or $8,000 was not bankrupt, alluding to the allowance made by the board to the defendants. One of the defendants then replied in effect that "the most of that is to be paid to the Prouty Lumber and Box Company," the plaintiff here. This is a substantial statement of the testimony in chief of both Warren and Scott. In cross-examination the defendants undertook to show that they had sold the rived spruce logs to Warren and Scott for a price which by agreement with the plaintiff was to be paid to the latter, effecting a novation. When one of the defendants was on the stand as a witness in his own behalf, the defendants undertook

to establish this novation by that witness, the offer by counsel being as follows:

"I offer to show that the Warren-Scott Company were to pay the Prouty Lumber and Box Company $3,406.20 and that the Prouty Lumber and Box Company agreed to look to the Warren-Scott Company for that sum of money; and that the 97,320 feet of logs are the identical logs mentioned in the plaintiff's complaint."

The palpable effort of the defendants, as embodied in this offer, was to prove by cross-examination of Warren and Scott and by direct examination of Cogan, a novation among the three parties, the Warren-Scott Company, the plaintiff and the defendants here, whereby the plaintiff was to accept the Warren-Scott Company and release the defendants.

The form of objection to the cross-examination of Scott and Warren, as we gather from the record, is that it was immaterial, irrelevant, improper, incompetent and not proper subject of cross-examination, and as to the testimony of Cogan, that it was immaterial and that the offer was not responsive to the question. As to the cross-examination, the defendants rely upon Section 711, Or. L., reading thus:

"When part of an act, declaration, conversation or writing is given in evidence by one party, the whole, on the same subject, may be inquired into by the other; when a letter is read, the answer may be given; and when a detached act, declaration, conversation, or writing is given in evidence, any other act, declaration, conversation or writing which is necessary to make it understood may also be given in evidence."

The defendants also cite Section 860, Or. L., as follows:

"The adverse party may cross-examine the witness as to any matter stated in his direct examination, or connected therewith, and in so doing, may put leading questions; but if he examine him as to other matters, such examination is to be subject to the same rules as a direct examination."

1. The controlling element of Section 711 as to cross-examination is found in the phrase, "on the same subject." The subject of the direct examination was the single proposition that the defendants had stated that the money derived from the allowance made by the spruce board was to go to the plaintiff. No other element appears in the direct examination. The defendants were entitled to cross-examine on that admission: *Mahon* v. *Rankin,* 54 Or. 328 (102 Pac. 608, 103 Pac. 53); *State* v. *Mack,* 57 Or. 565 (112 Pac. 1079); *Richey* v. *Robertson,* 86 Or. 525 (169 Pac. 99).

It is said that the objections to the testimony were not sufficiently specific to present the question for review. In *Oregon R. & N. Co.* v. *Eastlack,* 54 Or. 196 (102 Pac. 1011), the following rule quoted from 8 Ency. Pl. & Pr. 228, is cited with approval:

"The general rule that objections to evidence must be specific, admits of this exception: That if they cannot in any manner be obviated, or if the evidence is clearly inadmissible for any purpose, a general objection will suffice."

In *Noonan* v. *Caledonian Mining Co.,* 121 U. S. 393, 400 (30 L. Ed. 1061, 7 Sup. Ct. Rep. 911, see, also, Rose's U. S. Notes), Mr. Chief Justice FIELD writing the opinion used this language:

"The rule is universal, that where an objection is so general as not to indicate the specific grounds upon which it is made, it is unavailing on appeal, unless it be of such a character that it could not have been obviated at the trial. The authorities on this

point are all one way. Objections to the admission of evidence must be of such a specific character as to indicate distinctly the grounds upon which the party relies, so as to give the other side full opportunity to obviate them at the time, if under any circumstances that can be done.''

Likewise in *McCadden* v. *Lowenstein*, 92 Tenn. 614, 621 (22 S. W. 426), after speaking of the general rule requiring a specific ground of objection, the court said:

''But when evidence is not competent for any purpose, or is wholly irrelevant, a general objection would be sufficient.''

In *Kirby* v. *State*, 44 Fla. 81 (32 South. 836), after stating the general rule as above, this language was used:

''To this general rule there is, however, an exception: If the evidence objected to is palpably prejudicial, improper, and inadmissible for any purpose or under any circumstances, then a general objection thereto is sufficient'': citing numerous authorities.

See also *Snowden* v. *Pleasant Valley Coal Co.*, 16 Utah, 366 (52 Pac. 599); *Hurlbut* v. *Hall*, 39 Neb. 889 (58 N. W. 538); *McClosky* v. *Davis*, 8 Ind. App. 190 (35 N. E. 187).

2, 3. The relevancy and materiality of testimony are measured by the issue formed by the pleadings. In the instant case the defendants denied the complaint and made no other defense. Their offer to prove was entirely foreign to the issues thus formed. It was as if the pleadings had said: ''It is true, we owe the plaintiff $3,406.20 for the rived logs in question. However, we sold those logs to the Warren-Scott Company, which in turn by the consent of ourselves and the plaintiff agreed to pay the amount

to the plaintiff, and we are to be discharged." In other words, under the general issue the defendants were attempting to prove a novation, a proposition clearly outside the pale of pleadings or evidence, a clear variance.

4. There are authorities to the effect that the court of its own motion may prevent the introduction of improper evidence. Again, it is said that, a reason for the rule against general objections is that it is unfair to the trial court to make a general objection without particular specification of the grounds of the objection. But in good reason, if the trial judge is possessed of sufficient legal acumen to recognize the validity of the legal conclusion suggested by the general objection, he is at liberty to decide the point and exclude the evidence offered. If for his own information the adverse party requires a more specific objection, he should move for the necessary specifications. He cannot rightly speculate on the decision of the court and then complain that the objection is too general. It is quite as much his duty to be fair to the court as it is that of the other party. Moreover, if he would prevail on appeal, he must put his finger on the error complained of. If the court is informed of the vice of the testimony offered, it is not necessary for the objecting party to put into his objection a brief on the subject, or to go into tautological detail.

There is no error in the record. The judgment is affirmed.                                            AFFIRMED.

BEAN, JOHNS and BROWN, JJ., concur.