FIRST NATIONAL BANK OF REEDER, NORTH DAKOTA, Appellant, *v.* MIDDLETON, Sheriff, et al., Respondents.

(No. 4,454.)

(Submitted September 20, 1921. Decided October 27, 1921.)

[201 Pac. 683.]

*Claim and Delivery—Judgment—General Verdict—Sufficiency —Suretyship—Hearsay Testimony—Curing Error.*

Claim and Delivery—Judgment—General Verdict—Sufficiency.

1.  In an action in claim and delivery by the mortgagee of animals against the sheriff who seized them on execution, where there was no dispute as to their value, a general verdict was sufficient to support a judgment for their return or a recovery of their value on the bond given by the mortgagee.

Same—Judgment Against Sureties on Bond—Error.

2.  In an action in claim and delivery the property involved in which had been delivered to plaintiff on furnishing the bond required by law, a judgment for defendant sheriff ordering execution against the sureties on the bond, though not before the court, was unwarranted.

Appeal and Error—Error in Admission of Hearsay not Cured by Same Evidence on Cross-examination.

3.  Where plaintiff had ineffectually objected to the introduction of patently improper hearsay testimony, saving an exception, the fact that on cross-examination the witness he elicited a repetition of the statement did not cure the error in admitting it in the first instance or constitute a waiver of his right to urge the error.

*Appeals from District Court, Custer County, in the Sixteenth Judicial District; Roy E. Ayers, a Judge of the Tenth District, presiding.*

Action by the First National Bank of Reeder, North Dakota, against A. B. Middleton, Sheriff of Custer County, Montana, and another. From the judgment for defendants and an order denying a new trial, plaintiff appeals. Reversed and remanded.

Cause submitted on briefs of Counsel.

2.  Judgment against principal in replevin bond as judgment against surety on bond, see notes in 9 Ann. Cas. 157; Ann. Cas. 1915D, 407.
3.  On waiver of objection to testimony by cross-examination, see notes in Ann. Cas. 1918D, 202; 33 L. R. A. (n. s.) 103.

*Mr. Geo. W. Farr* and *Mr. H. E. Herrick,* for Appellant.

*Mr. Sharpless Walker* and *Mr. W. H. O'Connell,* for Respondents.

MR. COMMISSIONER JACKSON prepared the opinion for the court.

Action in claim and delivery to recover possession of cattle and horses, or the value thereof, by claim of special ownership and right to immediate possession, based on mortgages to plaintiff by Belle Shirley, dated November 19, 1915, to secure notes aggregating $3,337, past due and owing to plaintiff.

It is alleged that defendants, having actual knowledge of the mortgages, on August 9, 1916, unlawfully and without consent of the plaintiff, and the mortgages being in full force and effect and valid and prior liens on the horses and cattle, seized the same and held possession at the time of the commencement of the action, and that plaintiff was entitled to immediate possession as holder and owner of the notes.

The defendants denied the material allegations of the complaint and set up that in an action on a promissory note, dated December 6, 1913, in which John M. Henry was plaintiff and Co. Shirley defendant, they attached the cattle and horses mentioned in the complaint on November 11, 1915, and afterward, by virtue of judgment for the plaintiff, took possession of the cattle and horses; that on September 15, 1915, Co. Shirley executed a bill of sale for the animals to Belle Shirley, his wife, fraudulently, without consideration, and not accompanied by immediate delivery and actual and continued change of possession. Issue was joined by reply. Plaintiff, before trial, by filing the bond required by law, took the animals into its possession.

The cause was tried to a jury, which returned a general verdict for the defendants, and judgment was entered thereon.

From the judgment and an order denying a new trial, plaintiff appeals.

The language of the verdict is: "We, the jury in the above-entitled action find the issues herein in favor of the defendants and against the plaintiff." The judgment rendered thereon recites: "And it appearing that the property described in the plaintiff's complaint was delivered to the plaintiff, and that an undertaking has been filed herein on the part of the plaintiff, and H. F. Lee and G. N. Miles are its sureties who signed the undertaking in the sum of ten thousand dollars ($10,000), pursuant to statute, to the effect that they were bound as therein required for the delivery of said property to defendants, if such delivery be adjudged, and for the payment of such sum to defendants as might for any cause be recovered against the plaintiff; Wherefore, by virtue of the law and by reason of the premises aforesaid, it is ordered, adjudged, and decreed: That the defendant A. B. Middleton, as sheriff of Custer County, Montana, and M. E. Jones, as sheriff of Fallon County, Montana, do have and recover of and from the plaintiff, First National Bank of Reeder, North Dakota, and H. F. Lee and G. M. Miles, its sureties, the possession of the property described in plaintiff's complaint, as follows, to-wit:   *   *   *   And in case delivery cannot be had of said property, then said defendants do have and recover of the said plaintiff, and its said sureties, the sum of five thousand dollars ($5,000), the value of said property, together with defendant's costs and disbursements herein incurred, taxed at $92.10, and that the defendants have execution therefor."

The record shows without material conflict the different transactions as laid in the pleadings; the validity of the sale between Co. Shirley and his wife, Belle, being the point of balance between the rights of the plaintiff and defendants herein. The evidence on this issue was sufficient to warrant its submission to the jury.

It is contended the judgment is erroneous and is not supported by the verdict. In view of the fact that there was no dispute in the evidence as to the value of the animals, the general verdict is sufficient to support the judgment in the alternative against the plaintiff. But the judgment cannot, in this character of action, order execution against the sureties on plaintiff's bond. They are not before the court.

During the course of the trial in direct examination, defendants' witness related a conversation which Co. Shirley had in the witness' presence. The question was opportunely objected to, overruled by the court, and an exception duly noted. On cross-examination of the same witness, the conversation was repeated. The substance of it was an admission on the part of Co. Shirley that he had made the transfer to his wife in order to prevent Henry from getting the cattle for debt. Plaintiff assigns error on the ruling of the court admitting this testimony.

Co. Shirley had not been on the stand, and therefore could not be impeached. He was not a party to the action, and it was neither pleaded nor shown that he and plaintiff acted in concert or conspiracy. This testimony is purest hearsay and utterly incompetent; appearing as it does in the record, it is viciously prejudicial to plaintiff and patently improper. Defendants contend that since plaintiff cross-examined the witness and elicited a repetition of the testimony objected to, the error, if any, is cured. Not so. While there are a few authorities to the contrary, the circumstances are all different, and the overwhelming mass of adjudication favors plaintiff's position herein.

We have carefully analyzed the cases cited by defendants and find that, while they state a rule of curing error by cross-examination, yet from the facts and circumstances of each case it is plainly evident that they are in no sense applicable to the point as it is involved here.

In *Stewart & Co.* v. *Hermon*, 108 Md. 446, 20 L. R. A. (n. s.) 228, 70 Atl. 333, the action was for personal injuries,

and over defendant's objection plaintiff was permitted to prove that shortly after the accident complained of, wherein the plaintiff, a janitor, suffered injuries to his hands by the breaking of a large pane of glass as he closed a window, a glazier was seen to nail strips on the window frame. The witness was cross-examined on the same matter, and the court even though holding the evidence of events transpiring after the happening of an accident is usually inadmissible, goes on to state that, "in the view we take of the case, the evidence is not important." No other construction can be put on this ruling save that the action of the court would have been different had the evidence been important.

*Spears* v. *Black,* 190 Mich. 693, 157 N. W. 382, is likewise cited by defendants. The objectionable matter in this case was admitted as part of the *res gestae* and was afterward made indisputably competent by the evidence of the defendant, who testified to the same effect.

In *Brownell* v. *Moorehead* (Okl.), 165 Pac. 408, the testimony sought to be stricken and not objected to until after given, was directly responsive and admissible for impeachment, and although admitted before a foundation was laid and improper when admitted, still the foundation was laid later and the error cured. The reason for this ruling was that counsel had no right to sit quietly by until the answer given directed his action.

In *Bliss* v. *Waterbury,* 27 S. D. 429, 131 N. W. 731, a document was admitted over defendant's objection as incompetent and immaterial. The objection should have been sustained at the time it was offered, but since the fact it tended to prove was disclosed by cross-examination, and it was both relevant and material, the error was cured.

On the other hand, we find it strongly, and, we think, properly, laid down that plaintiff's position herein is correct. "Nor can it matter, in the result, that the defendant's counsel, on cross-examination, asked the witness to repeat his

account of the interview with the conductor. That course did not amount to a waiver of the right to urge the exception already saved to the ruling of the court in admitting the interview. Counsel might properly conform to that ruling for the purposes of the trial, without thereby waiving the right to review the admission of incompetent evidence that had come in, over his objection. After that evidence was before the jury, he might then combat it or meet it, as best he might, without waiving the exception already taken." (*Barker* v. *St. Louis, I. M. & S. R. Co.*, 126 Mo. 143, 47 Am. St. Rep. 646, 26 L. R. A. 843, 28 S. W. 866, and cases cited.)

"Where an exception is duly taken to the admission of illegal testimony, it is not waived by mere cross-examination of the witness respecting it." (*Marsh* v. *Snyder*, 14 Neb. 237, 15 N. W. 341.)

"There are cases holding that objections to testimony are waived when the objecting party on cross-examination subsequently goes into the same matter, but this is clearly against the weight of authority. It would indeed be a strange doctrine, and a rule utterly destructive of the right and all the benefits of cross-examination, to hold a litigant to have waived his objection to improper testimony, because, by further inquiry, he sought on cross-examination to break the force or demonstrate the untruthfulness of the evidence given in chief, in the event, as would most usually occur, that the witness should on his cross-examination repeat or restate some or all of his evidence given on his direct examination." (26 R. C. L., Trial, 1052; *Cathey* v. *Missouri etc. Ry. Co.*, 104 Tex. 39, 33 L. R. A. (n. s.) 103, 133 S. W. 417, and note.)

The instruction given and complained of is correct. It is admitted by counsel to be the law wherein good faith as to sales between husband and wife is involved, and in our opinion good faith in the sale between Co. Shirley and his wife is of the very essence of this controversy.

For the reasons stated above, we recommend that the judgment and order be reversed and the cause remanded to the district court, with directions for a new trial.

Per Curiam: For the reasons given in the foregoing opinion, it is ordered that the judgment and order be reversed and the cause remanded to the district court, with directions for a new trial.

*Reversed.*