## PRUTZMAN v. WINTER. (No. 1315.)*

(Court of Civil Appeals of Texas. Beaumont. Dec. 26, 1925. Rehearing Denied Jan. 6, 1926.)

**1. Sales ⊜➝89—New contract superseding and discharging original contract to purchase automobile held not shown.**

Evidence *held* not to show that contract to purchase speedster automobile was superseded and discharged by subsequent contract to purchase speedster and roadster and that buyer, by accepting latter, received value of automobile delivered to seller as part payment under original contract.

**2. Contracts ⊜➝338(2)—Novation ⊜➝11—Discharge of contract by novation or new agreement should be specially pleaded.**

Discharge of contract sued on by novation or new agreement is affirmative defense, which should be specially pleaded.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by W. S. Winter, Sr., against George C. Prutzman. Judgment for plaintiff, and defendant appeals. Affirmed.

C. A. Lord, of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

HIGHTOWER, C. J. The appellee filed this suit in one of the district courts of Jefferson county against appellant to recover a money judgment in the sum of $1,800, which

he claimed was the value of a Mercer automobile which appellee alleged he delivered to appellant in part payment of the purchase price of another automobile which appellant agreed to sell and deliver to appellee but failed to do so.

Appellee alleged, in substance, that on or about March 22, 1917, the appellant represented to him that appellant had the right to buy and sell automobiles manufactured by the Stutz Motor Car Company of America, and that on or about that date appellant entered into a contract with appellee, by the terms of which he agreed to sell to appellee a Stutz model 1917 Bear Cat 16-valve speedster automobile, at the agreed price of $2,-700; that under the terms of this contract the Stutz automobile was to be delivered to appellee at Beaumont, Tex., within a reasonable time, and that appellee at the same time turned over and delivered to appellant, as a part of the purchase price for the Stutz automobile, one 1916 model Marion Hadley 6 roadster automobile, which was accepted by appellant at the agreed price of $900, and that this was to be appellee's first payment on the purchase price of the Stutz automobile, which left a balance to be paid by appellee to appellant of $1,800, which balance was to be paid when the Stutz automobile was delivered to appellee; that on or about April 24, 1917, appellant represented and stated to appellee that he could not secure at that time the Stutz automobile, and therefore could not then deliver the same to appellee, whereupon appellee and appellant entered into another contract or agreement substantially as follows: That appellee agreed to accept a Mercer roadster automobile to be then delivered by appellant to him in lieu of the Stutz automobile, and for the agreed price of $1,800, the appellee to have credit for the $900 which he had paid to appellant by delivering to him the Hadley roadster automobile, and further agreed to pay to appellant $900, and did pay that amount to appellant at the time the Mercer automobile was delivered to appellee; that under the terms of this new or modified contract, appellee was to use the Mercer automobile until such time as appellant could deliver to him the Stutz automobile under the agreement of March 22, 1917, and that appellee was then to return to appellant the Mercer automobile, and was to pay to him the reasonable use of the same during the time the appellee had it, and that the reasonable value of such use would be determined by the parties at the time the Mercer automobile should be returned to appellant and the Stutz automobile should be delivered by him to appellee.

Appellee further alleged that after he had paid to appellant the $900, in addition to turning over to him the Marion Hadley automobile, and had accepted for temporary use the Mercer automobile, and had used the same until about July 28, 1917, he did return to appellant the Mercer automobile in keeping with their agreement, and that it was at that time agreed by the parties that the reasonable depreciation or value of the use of the Mercer automobile should be and was $100, which amount appellee then paid to appellant, making the total amount paid by appellee to appellant $1,900, $100 of which was the agreed value of the use or depreciation of the Mercer automobile, and $1,800 was to be applied by appellant on the purchase price of the Stutz automobile. Appellee further alleged that appellant had wholly failed and refused to deliver to him the Stutz automobile, as he had contracted and bound himself to do, and had also failed and refused to return to appellee the $1,800 paid by him as part of the purchase price for the Stutz automobile, and still so fails and refuses, but that on the contrary appellant had appropriated to his own use and benefit said sum of $1,800. Appellee then alleged that if appellant had delivered to him the Stutz automobile, as he had agreed to do, he would still be owing appellant $900 to complete the purchase price of the Stutz automobile as he had originally bound himself to pay, but that since appellant had not delivered to him the Stutz automobile, he was not due to appellant said sum of $900, but that he was still willing, as he had been at all times, and was ready and able to pay to appellant said sum of $900 upon delivery to him by appellant of the Stutz automobile. The prayer was for judgment in the sum of $1,800, with interest from April 4, 1917, at the rate of 6 per cent. per annum.

Appellant answered by general demurrer, several special exceptions, none of which are before us, by general denial, and other special pleas that have no material bearing upon the questions presented.

The case was tried before the trial judge without a jury, and judgment was rendered in favor of appellee for the sum of $1,800, with interest from the date of the judgment at the rate of 6 per cent. per annum, and appellant duly prosecuted an appeal to this court, and presents for reversal one proposition. That proposition is, in substance, that the undisputed evidence adduced upon the trial showed that the contract alleged in appellee's petition as originally made between the parties had been superseded and discharged by a new and different contract subsequently entered into between the parties, and that therefore there was no basis in the evidence and the court was not warranted in rendering a judgment in favor of appellee for any amount based upon the contract sued upon by him. We say this states in substance appellant's contention.

Upon the trial appellee, as plaintiff, introduced in evidence, in keeping with his allegations, the following written agreement made between the parties, styled "Sales Memorandum," reading as follows:

"Sales Memorandum.　　　Customer.
"March 22, 1917.

"Geo. C. Prutzman, Agent, Stutz Motor Cars, Beaumont, Texas: Please enter my order for one model 1917 Bear Cat 16-valve speedster automobile, equipped as specified in Manufacturers' Catalogue, for which I agree to pay twenty-seven & no/100 dollars ($2,700.00) f. o. b. Beaumont, Texas.

"Payment to be made as follows: Nine hundred & no/100 dollars ($900.00) at time of placing order as a guarantee of acceptance, and the balance eighteen hundred & no/100 dollars ($1,800.00) when car is ready for delivery.

"It is agreed that there are no promises, verbal understandings or agreements of any kind pertaining to this order, not clearly set forth herein.

"It is agreed that $900.00 mentioned above as deposit is allowance made purchaser on one 1916 Marion-Hadley Six roadster. It is further agreed that if agent sells car for more money than allowance made for same that purchaser be accredited for said amount. Also that said purchaser is to be delivered the first speedster shipped into Jefferson county by the said manufacturer the Stutz Motor Car Company of Indianapolis, Ind.

"It is agreed that purchaser pay $600.00 cash on delivery and balance in twelve notes of equal amounts.

Color—Yellow
Upholstering—Brown

Cost of Car, f. o. b. Beaumont.............. $2,700 00
Cost of special equipment....................
　　Total .................:................... $2,700 00
Deposit ....................................... 900 00
　　　　　　　　　　　　　　　　　　　　　―――――――――
Balance due on delivery................. $1,800 00

"[Signed] W. S. Winter.
"Address: Port Arthur, Tex.

"No sales valid without signature of Geo. C. Prutzman.

"All deposits or payments should be made payable to same.
"Joe Prutzman, Salesman.

"Approved: Geo. C. Prutzman, Manager.
"Date approved, March 22, 1917."

Appellee also introduced in evidence another written agreement between the parties, styled "Sales Memorandum," reading as follows:

"Sales Memorandum.　　　Customer.
"April 24, 1917.

"Geo. C. Prutzman, Agent, Stutz Motor Cars, Beaumont, Texas—Gentlemen: Please enter my order for one model Mercer roadster automobile, equipped as specified in Manufacturers' Catalogue, for which I agree to pay eighteen hundred dollars ($1,800.00) f. o. b. Beaumont, Texas.

"Payment to be made as follows: Nine hundred & no/100 dollars ($900.00) at time of placing order as a guaranty of acceptance and the balance nine hundred & no/100 dollars ($900.00), when car is ready for delivery.

"It is agreed that there are no promises, verbal understandings or agreements of any kind pertaining to this order, not clearly set forth herein.

"It is agreed that $900.00 mentioned above as deposit is allowance made purchaser on one 1916 model Hadley roadster. It is further agreed that this contract is in lieu of contract made by purchaser on March 22, 1917. Purchaser hereby waives delivery on Stutz speedster until it is possible

Special Equipment

for agent to get same from Stutz factory. Agent hereby agrees to allow purchaser on delivery of Stutz speedster $1,800.00 for said Mercer, less the resale depreciation on same. Said depreciation to be agreed on at time of delivery of said Stutz speedster by agent and purchaser. However, should purchaser wish to retain above-mentioned Mercer, it is agreed that agent will accept one Third case, balance in twelve monthly notes on above mentioned Stutz speedster.

Cost of car, f. o. b. Beaumont
Cost of special equipment　　　　　[Signed]
Total
Deposit　　　　　　　　　　　　　　Address.
Balance due on delivery

"No sales valid without signature of Geo. C. Prutzman.

"All deposits or payments should be made payable to same.
"Joe Prutzman, Salesman.

"Approved: Geo. C. Prutzman, Manager.
"Date approved, ―――, 191―."

The substance of appellee's oral testimony upon the trial was that at the time he entered into the agreement of March 22, 1917, with appellant he delivered to appellant the Marion Hadley automobile, at the agreed price of $900, as alleged by him, to be applied on the purchase price of the Stutz automobile, leaving a balance of $1,800, which he was to pay to appellant upon delivery to him of the Stutz automobile; that on or about April 24, 1917, the parties executed the written memorandum of sale as shown above, under the terms of which the Mercer automobile was delivered to him by appellant at the agreed price of $1,800, with the understanding that appellee should keep the Mercer automobile until appellant could secure and deliver to him the Stutz automobile, as originally agreed upon by the parties, and that at the same time it was agreed between the parties that the value of the use of the Mercer automobile or its depreciation should be agreed upon by the parties when appellant should deliver to appellee the Stutz automobile, as originally contemplated; that appellee, under this agreement, kept and used the Mercer automobile until about July 28, 1917, at which time he turned the Mercer automobile back to appellant, under their contract, and that the parties then agreed that the value of the use or depreciation of the Mercer automobile while appellee had it was $100, and that appellee paid this amount to appellant, making $1,900 in all paid to appellant; that at this time appellant represented to appellee that the Stutz automobile was then ready for him in the city of Houston, and that if he would go over to Houston

he could get the Stutz automobile and drive it back to Beaumont; that appellant went to Houston, but was unable to obtain or get the Stutz automobile that he had contracted to buy, and came back to Beaumont without it, and that, in fact, appellant had never delivered to him the Stutz automobile as he had agreed to do, and had never paid him back or returned to him the $1,800, the agreed value of the Mercer automobile, and that appellant had obtained from appellee his Marion Hadley car and all that he had paid on the Mercer car, as well as taking back the Mercer car as above stated; that appellee has never received anything from appellant for either his Marion Hadley car or the Mercer car.

Upon the trial appellant, as defendant, introduced in evidence a written agreement between the parties, styled "Sales Memorandum," of date July 28, 1917. That instrument reads as follows:

"Sales Memorandum.          Office.
                    "July 28, 1917.

"Geo. C. Prutzman & Son, Automobiles, Beaumont, Texas—Gentlemen: Please enter my order for two Stutz cars model 1917 roadster and speedster automobile, equipped as specified in Manufacturers' Catalogue, for which I agree to pay fifty-two hundred dollars ($5,200.00) f. o. b. Beaumont, Texas.

"Payment to be made as follows: Twenty-one hundred dollars ($2,100.00) at time of receiving roadster a guaranty of acceptance, and the balance, thirty-one hundred dollars ($3,100.00), when car is ready for delivery.

"It is agreed that there are no promises, verbal understandings or agreements of any kind pertaining to this order, not clearly set forth herein.

"It is agreed that Joe Prutzman or his agent is to sell one Mercer roadster for purchaser previous to arrival of second Stutz car and apply the proceeds therefrom on said speedster or in event said Mercer is not sold previous to delivery of speedster, that purchaser is to be allowed $1,800.00 on said Mercer less depreciation on same to be agreed—

                Special Equipment

upon by agent and purchaser. Said depreciation on Mercer car $100.00 and one new Kelly Springfield tire agreed upon this date by agent and purchaser.

Cost of car, f. o. b. Beaumont................ $5,200 00
Cost of special equipment....................

    Total .........................................  $5,200 00
Deposit ...........................................
    Balance due on delivery of speedster.... $3,100 00

          "[Signed] W. S. Winter.
    "Address: Port Arthur, Texas.
"Approved: George C. Prutzman & Son.
    "George Joe Prutzman, Salesman.
"Date approved, July 28, 1917."

[1] It will be noted that according to this memorandum, dated July 28, 1917, appellee agreed to purchase from appellant two Stutz cars, one a roadster and the other a speedster automobile, for which appellant was to be paid $5,200 f. o. b. Beaumont, Tex. Now it is appellant's contention that this memorandum showed a complete new and different contract between the parties from that originally entered into, and that the original contract was wholly superseded and discharged by the contract of July 28, 1917. Appellant makes this contention because, as he claims, the undisputed evidence shows that under the terms of the new contract, appellee agreed to buy and did buy and receive a Stutz roadster automobile, and that it "reasonably appears" from the evidence that this Stutz roadster automobile was delivered to him by appellant in lieu of and instead of the Stutz speedster automobile, and that appellee received the value of his Mercer car when the Stutz roadster was delivered to him by appellant. We have concluded that none of these contentions can be sustained. We think it plain, after going over the record carefully, that the original agreement as made between the parties commencing March 22, 1917, and embracing the modified agreement dated April 24, 1917, and on down to July 28, 1917, and including that agreement, there was but one continuous agreement between the parties as to the Stutz speedster car, and that the original contract for this car was never materially modified or changed. Therefore there was no new or substituted agreement for the original agreement between the parties, and we think appellant's contention that it "reasonably appears" from the evidence that appellee had received the value of the Mercer car when he accepted the Stutz roadster cannot be sustained, because we think that the only reasonable conclusion from the evidence as a whole is that appellee has never received anything for the Mercer car which was turned over to appellant on July 28, 1917. Appellant, as the record indicates, was present in the courtroom when this case was tried, and did not testify upon the trial. As we construe appellee's testimony, it is reasonably clear, if not convincing, that the Stutz roadster automobile was bought and paid for as a separate and distinct transaction, although it was embraced in the agreement of July 28, 1917, and it is reasonably clear and certain from appellee's testimony that the Stutz roadster was not delivered to him and he given credit for his Mercer car in that way.

[2] But even if we should be mistaken in the view that there was no new and distinct agreement between the parties, by which the original contract was superseded and discharged, yet, nevertheless, we are of the opinion that appellant cannot successfully make that contention in this court, because there was no pleading by appellant upon which to base that contention. We do not think that appellant's general denial would authorize the introduction of evidence showing a discharge of the original contract between the parties by novation or new agree-

ment between them. We think that such a defense is classed as affirmative defensive matter and should be pleaded by defendant where relied upon. Winn v. Gilmer, 81 Tex. 345, 16 S. W. 1058; W. L. Moody & Co. v. Rowland, 100 Tex. 363, 99 S. W. 1115.

We think the trial court's judgment in this case was correct, and should be affirmed, and it is so ordered.