BOSE, Appellant, *v.* SULLIVAN et al., Defendants; MILLER et al., Cross-Defendants and Respondents.

(No. 6,609.)

(Submitted April 10, 1930.   Decided June 3, 1930.)

[288 Pac. 614.]

*Mr. R. L. Clinton* and *Mr. Rock D. Frederick*, for Appellant, submitted a brief; *Mr. Clinton* argued the cause orally.

*Mr. E. K. Cheadle, Jr.*, for Respondents, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

The amended complaint in this action, which was filed in December, 1927, consists of two causes of action. The first sets forth that plaintiff sold and delivered to defendants by a written agreement a certain electric light and power outfit for which the defendants paid $1,100 cash, and made and delivered to plaintiff three promissory notes, two in the sum of $726.68, and one in the sum of $726.66, bearing date February 4, 1926, payable 70, 160 and 238 days, respectively, from date; that no payments have been made on the notes; that there is due to plaintiff and unpaid on the notes the sum of $2,180, with interest at ten per cent as provided in the notes. The second cause of action is based upon the

478

same contract of sale, but it alleges that the reasonable value of the light and power outfit was the sum of $3,280 at the time of its delivery to defendants; that defendants have paid $1,100, leaving a balance due of $2,180.

Defendants in their answer and cross-complaint admit the payment of $1,100 to plaintiff and the signing of the notes, and deny the other allegations of the amended complaint. The answer also contained two counterclaims and a second affirmative defense. At the conclusion of all of the evidence, the court sustained a motion of plaintiff to withdraw from the consideration of the jury all question of damages to be awarded to defendants, and thus eliminated from the case all questions arising on the counterclaims. No cross-appeal was taken by defendants; hence we may not consider the propriety of the court's ruling on the plaintiff's motion. (*Cook* v. *MacGinniss*, 72 Mont. 280, 233 Pac. 129.) Also the court, without objection by defendants, instructed the jury that there was no evidence in support of the alleged second affirmative defense or of the second counterclaim. Hence the only part of the answer that need be considered is the general denial. The jury found for defendants, and plaintiff has appealed from the judgment.

At the trial plaintiff on his direct examination told of the agreement between him and the defendants, the payment of $1,100 by defendants, and the making and delivery of the three notes, which were introduced in evidence, and that the balance of $2,180 represented by the notes remained unpaid.

On cross-examination, over objection, plaintiff testified that defendants executed three other notes, which were introduced in evidence. These notes were each in the sum of $726.68. dated March 1, 1926, and payable 90, 180 and 270 days, respectively, from date. Each note contained a clause reading: "This note shall not become due until adjustment is made on delay in delivery and mistake in plans." These notes were either mailed or delivered to plaintiff personally, but were returned to defendants after the plaintiff was advised by his

bank that they were not negotiable. The first series of notes were never returned to defendants. Objection to the introduction of the second series of notes was upon the ground that they were incompetent, irrelevant, and immaterial, not proper cross-examination, and a part of the defense. The court evidently regarded the effect of the making of these notes as the substitution of a new obligation for the one sued upon, and hence a novation, as that term is defined in section 7460, Revised Codes 1921. That this is so is manifest from instruction No. 2 given by the court, to the effect that, if the jury should find that these notes were delivered by defendants and received by plaintiff with the mutual intention to substitute the second series of notes for the first series, with intent to extinguish the old obligation, then the jury should find for defendants. This instruction seems to have been framed with section 7462, Id., in mind, which provides when novation takes place. Plaintiff objected to this instruction upon the ground that there was nothing in the pleadings warranting the giving of an instruction on novation. The ruling of the court in permitting the second series of notes to be introduced in evidence and the court's action in giving instruction No. 2 are assigned as error.

The court erred in admitting the notes in evidence for the purpose of showing novation and in giving instruction No. 2. Novation is an affirmative defense, and constitutes new matter which must be specially pleaded. (*McGinn* v. *Willey*, 24 Cal. App. 312, 141 Pac. 49; *Trabucco* v. *Collins*, 39 Cal. App. 412, 179 Pac. 221; *McClintick* v. *Frame*, 98 Cal. App. 338, 276 Pac. 1033; *Temple* v. *Teller Lumber Co.*, 46 Colo. 497, 106 Pac. 8; *Drumright State Bank* v. *Westerheide*, 124 Okl. 108, 254 Pac. 80; *Prouty Lbr. Co.* v. *Cogan*, 101 Or. 382, 200 Pac. 905; *Hix* v. *Tomlinson*, (Tex. Civ. App.) 200 S. W. 897; *Prutzman* v. *Winter*, (Tex. Civ. App.) 280 S. W. 266; 20 Cal. Jur. 256; 46 C. J. 624.)

The reason for this rule is obvious. "Novation is made by contract, and is subject to all the rules concerning contracts

in general." (Sec. 7462, Rev. Codes 1921.) A novation must be supported by a consideration. (*Kenison* v. *Anderson,* 83 Mont. 430, 272 Pac. 679.) When a novation is pleaded, the adversary is given an opportunity to resist it on the ground of want of consideration, fraud and the like. Unless it is pleaded, fair opportunity to resist the contention is not afforded. Here there was no plea of novation.

Defendants contend that, if the cross-examination of plaintiff ▆ relative to the second series of notes was improperly permitted, plaintiff has not been prejudiced thereby, because, without objection, defendants' witness testified relative to the same subject. But it was not incumbent upon plaintiff to object to the testimony of their witness on this subject matter when he had met with an adverse ruling of the court on the same subject on the cross-examination of plaintiff. A point once saved is saved for all purposes, and repetition was unnecessary, and should always be avoided. (*State ex rel. Hurley* v. *District Court,* 76 Mont. 222, 246 Pac. 250.) It was not necessary for plaintiff to object to the testimony of defendants' witness on a subject matter concerning which the court had already made an adverse ruling on the cross-examination of plaintiff in order to save his right to predicate error on such cross-examination. Repetition of the objection would have been an idle form, and is not required. (31 C. J. 823; see, also, *First Nat. Bank of Reeder* v. *Middleton,* 61 Mont. 209, 201 Pac. 683.). It is apparent, also, that, if this evidence were properly admitted, it falls short of establishing a contract of novation.

The record fails to show any consideration for the discharge ▆ of the notes sued upon. They obviously constituted an obligation upon the part of defendants before the execution of the second series of notes. The record is barren of any facts showing any consideration for the release of that obligation by plaintiff and the acceptance of the renewal notes containing the clause above mentioned.

The rule is that, "if the obligation resting on one of the parties under the prior agreement has been fully performed, it cannot be discharged by a mere agreement to that effect without some new consideration. Thus, where one is already legally bound by his contract to perform an obligation, a later agreement for the same consideration, modifying such obligation, does not effect a novation. * * * Such consideration is not supplied, however, by the mere acceptance of a new note or agreement given in lieu of an existing obligation between the same parties for the same indebtedness, even though the substituted obligation is at a higher rate of interest and due at a later date." (46 C. J. 593.)

The plaintiff requested the court to instruct the jury to return a verdict in his favor for the amount demanded in the complaint. Error is assigned in refusing the request. Since no defense to plaintiff's cause of action was shown, this instruction should have been given.

The judgment is reversed and the cause remanded, with direction to enter judgment for plaintiff in accordance with the prayer of his complaint.

ASSOCIATE JUSTICES MATTHEWS, FORD and GALEN, concur.

MR. CHIEF JUSTICE CALLAWAY, being absent, did not hear the argument and takes no part in the foregoing decision.