CHARLES PALM *vs.* WALTER F. KULESZA
(and two companion cases[1]).

Worcester. September 26, 1955. — January 24, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Evidence,* Admissions and confessions, Exclusion of evidence offered without limitation.

A statement made by the defendant in an action in a telephone conversation with the plaintiff two days after the plaintiff was injured in a collision of motor vehicles involving a truck, that at the time of the collision the defendant was operating a truck bearing a registration number then taken by the plaintiff, was not admissible against the holder of that registration number as defendant in a second action by the same plaintiff tried with the first action. [463]

---

[1] The companion cases are by Emma Palm and Honor F. Whidden against the same defendant.

An exception to the exclusion, on a general objection, of evidence offered without limitation at the trial together of actions against different defendants and clearly inadmissible as against one of them was over-ruled when the action against the other defendant came before this court. [463]

THREE ACTIONS OF TORT. Writs in the Superior Court dated November 2, 1948.

The cases were tried before *Nagle*, J.

*Thomas S. Carey*, for the plaintiffs.

*Stanley B. Milton*, (*Robert C. Milton* with him,) for the defendant.

WILLIAMS, J. These are actions of tort to recover for personal injuries and also in the case of Charles Palm for property damage. The actions were tried to a jury with three similar actions brought by the same plaintiffs against Three Springs Fisheries Company. There were verdicts for the defendants in all the cases, the verdicts in the instant cases being returned by orders of the court. The cases are here on the respective exceptions of the plaintiffs to these orders and to an evidential ruling made during the course of the trial.

The actions arose out of a collision of automobiles on the so called Worcester Turnpike in the town of Northboro on the night of May 22, 1948. The plaintiffs were occupants of an automobile driven by the plaintiff Charles Palm, which at the time of the collision was proceeding on the right of the road in the direction of Boston. A truck alleged to have been operated by Kulesza passed the Palm automobile on its left and in passing swerved or cut in to the right and struck it, thereby causing it to collide with another automobile. The truck continued along the road without stopping. The plaintiffs were injured and the automobile in which they were riding was damaged. The plaintiff Emma Palm testified that as the truck passed she saw its number plate and that it bore a Massachusetts registration number A-8127. After a bench conference at which the plaintiff's attorney offered to show that she had a conversation with the defendant Kulesza on the Monday following the acci-

dent he asked her, "you talked with this defendant . . . on what day?" She answered, "Monday." She was asked, "That is Monday following the . . . accident?" She answered, "Yes," and the defendant's attorney objected. The judge said, "Wait a minute. I think [addressing the plaintiff's attorney], you should establish where this conservation took place." To the next question, "Was this a telephone conversation you had?" she answered, "Yes." She was then asked, "Now, you tell us what you said and what the defendant Kulesza said." On objection the question was excluded and the plaintiff's attorney excepted, after making the following offer of proof: "the plaintiff said to this defendant that she was injured in an accident the previous Saturday, and that she had the registration number of the truck, Mass. A-8127, and asked Kulesza if he was operating a truck bearing that number on Saturday evening in Westboro, and he said that he did. The defendant said that he was operating that truck, and Mrs. Palm then said, 'Well, why didn't you stop' and Mr. Kulesza said he didn't know that he had hit anybody."

There was adequate ground for the exclusion of the question. So far as the record discloses the evidence was offered against both Kulesza and Three Springs Fisheries Company. Plainly it was not admissible against Three Springs Fisheries Company. *Ouellette* v. *Bethlehem-Hingham Shipyard, Inc.* 321 Mass. 390, 394, and cases cited. In the absence of any limitation on the offer by the proponent it was proper for the court to reject it. *Phillips* v. *Hoyle,* 4 Gray, 568, 571. Where evidence is excluded upon a general objection, the ruling will be upheld on appeal by the proponent if any ground existed for the exclusion. It will be assumed that the ruling was based upon the right ground. *Tooley* v. *Bacon,* 70 N. Y. 34. *Luckenbach* v. *Sciple,* 43 Vroom, 476. *Prouty Lumber & Box Co.* v. *Cogan,* 101 Ore. 382. *Feore* v. *Trammel,* 213 Ala. 293. McCormick on Evidence, § 52, page 118. Wigmore on Evidence (3d ed.) § 18, page 338. Handbook of Massachusetts Evidence (3d ed.) by Leach and McNaughton, page 38. The rule is

different where a general objection is overruled. See *Solomon* v. *Dabrowski*, 295 Mass. 358. There was evidence that the registration number A-8127 had been issued to Three Springs Fisheries Company but no evidence other than the alleged statement of Kulesza tending to identify him as the operator of the truck. Verdicts in his favor were properly ordered in each case.

*Exceptions overruled.*